UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

CIVIL ACTION NO.

MICHELLE BEEBE, )
 )
　　　　　Plaintiff, )
 )
v )　　　COMPLAINT
 )
WILLIAMS COLLEGE, )
 )
　　　　　Defendant. )

## I.　INTRODUCTION

1.　The Plaintiff, Michelle Beebe, brings this complaint to redress her employer's numerous violations of the Family and Medical Leave Act (FMLA). The employer, Williams College, illegally disciplined and then wrongfully discharged Ms. Beebe after she had requested and taken leave from work that qualified under the FMLA and the employer's own medical leave policy.

2.　The Plaintiff seeks equitable relief, in the form of reinstatement, and monetary damages, along with costs and attorney's fees.

## II.　JURISDICTION

3.　Jurisdiction is conferred upon this Court by 29 U.S.C. § 2617(a)(2), 28 U.S.C. §1331, and 28 U.S.C. §1367, which grants jurisdiction over pendant state law claims.

## III.　PARTIES

4.　The plaintiff, Michelle Beebe, is an adult resident of Berkshire County who

resides at 509 North Houghton Street, Clarksburg, Massachusetts 01247.

5. On information and belief, the defendant, Williams College, is a not for profit institution of higher learning, and is the employer in this action. It has its principal place of business at Williamstown, Massachusetts 01267.

### IV. FACTS

6. Ms. Beebe worked full time for the employer for almost fifteen years until her discharge on August 4, 2003. She held several positions, including snack bar attendant in the food service department and custodian in the building and grounds department.

7. During July, 2003, Ms. Beebe was working in the custodial position. She was working normal shifts Monday through Friday.

8. From prior to January, 2002 to July, 2003, Ms. Beebe was required to take both paid and unpaid leaves from work because she occasionally was needed to care for her three minor children who had serious health conditions.

9. Her son, Nicolas, has a long history of asthma, as well as other serious health conditions. He is seen several times a year by his doctor for asthma and other treatment.

10. Her son, David, has a history of asthma as well, along with chronic constipation and ear infections, and other serious health conditions. He was seen by his doctor multiple times each year for these conditions, as well as seen in the office frequently for asthma treatment and maintenance.

11. Her son, Daniel, also has a long history of ear infections and asthma, and other serious health conditions, and has been seen by his doctor multiple times each year.

12. Each time that Ms. Beebe needed to accompany one of her children to a doctor's

appointment that was scheduled during her regular work hours, or otherwise was required to miss work so as to care for one or more of her children in connection with their serious health conditions, she provided the notice required by the Defendant's absence policies.

13. During the above time period, the employer never requested medical certification of the children's' health conditions.

14. During the above time period, the employer did not credit the leave – paid or unpaid -- taken by Ms. Beebe as qualified under the FMLA.

15. On July 1, 2003, Ms. Beebe was given a written warning for excessive use of unscheduled time off. The written warning acknowledges that much of the time off was for the care of her children.

16. On Thursday, July 24, 2003, Ms. Beebe felt very ill and left work at about 1:00 p.m. that day. She was having difficulty breathing, was very tired and had been coughing violently.

17. Prior to leaving work, Ms. Beebe telephoned her supervisor, Peter Mason, and left a message on his answering machine that she needed to leave work for the above described unforeseeable reasons.

18. Ms. Beebe returned to work on Friday, July 25, 2003 and worked the entire day, although she was not feeling well.

19. Saturday and Sunday, July 26 and 27, 2003, were Ms. Beebe's regular days off.

20. On Sunday, July 27, 2003, Ms. Beebe went to the North Adams Regional Hospital emergency room for treatment of the above symptoms. She was diagnosed with bronchitis with bronchospasm and prescribed three medications – Combivent, Aerobid, and Zithromax. She was

told to stay home from work until at least Thursday, July 31, 2003 and to follow up with her primary care physician.

21. The emergency room physician provided Ms. Beebe with a doctor's note, dated July 27, 2003, excusing her from work until July 31, 2003.

22. On Monday morning, July 28, 2003, Ms. Beebe hand delivered the doctor's note to her supervisor at her work place and then left to return home.

23. On Wednesday, July 30, 2003, Ms. Beebe saw Dr. Kober, who works with Ms. Beebe's primary care physician, Dr. Payne. Dr. Kober confirmed the emergency room doctor's diagnosis, continued Ms. Beebe on the three medications and instructed her to stay out of work until August 4, 2003.

24. Dr. Kober provided Ms. Beebe with a doctor's note, dated July 30, 2003, excusing her from work until August 4, 2003.

25. On or about July 30, 2003, Ms. Beebe hand delivered the second doctor's note to her supervisor at her work place and then went home.

26. Ms. Beebe reported for work on Monday, August 4, 2003.

27. When Ms. Beebe arrived at work, her supervisor, Beatrice Miles, informed her that she was fired and handed Ms. Beebe her final paycheck.

28. Ms. Miles also gave Ms. Beebe a letter dated August 4, 2003 stating in so many words that she was being fired because she had missed six days of work during the month of July.

29. Ms. Beebe was an employee covered by the FMLA.

30. Williams College is an employer covered by the FMLA.

31. When Ms. Beebe notified the Defendant of her need for leave during the time period from before January 1, 2002 to July, 2003 so she could care for her children with serious health conditions, Ms. Beebe had not exhausted her allotment of twelve weeks of FMLA leave during a twelve-month period.

32. When she notified the Defendant of her need for leave near the end of July, 2003 for her own serious health condition, which ultimately amounted to seven days, Ms. Beebe had not exhausted her allotment of twelve weeks of FMLA leave during a twelve-month period.

33. As of July 24, 2003, Ms. Beebe suffered from a serious health condition which rendered her unable to perform her job.

34. On July 24, 2003, July 28, 2003 and again on or about July 30, 2003, Ms. Beebe gave the employer sufficient information to put the employer on notice that she might qualify for FMLA leave.

35. The employer did not offer Ms. Beebe FMLA-covered leave for the purpose of caring for her children with serious health conditions during the period of time from before January 1, 2002 to July, 2003.

36. The employer did not offer Ms. Beebe FMLA-covered leave for the purpose of her own serious health condition during the period of time from July 24, 2003 to August 4, 2003.

37. The employer has an explicit policy governing family and medical leave that it provides to employees.

38. Ms. Beebe received a copy of the employer's family and medical leave policy as part of her employee handbook.

39. The employer did not follow its stated policy when it denied medical leave to Ms. Beebe.

40. By way of a grievance filed with the employer after her discharge, Ms. Beebe notified her employer that she would like to be reinstated to her former, or a comparable position. As of the date of this complaint, the employer had not made Ms. Beebe a specific offer of employment.

41. The Defendant wrongfully disciplined Ms. Beebe on July 1, 2003.

42. The Defendant wrongfully terminated Ms. Beebe on August 4, 2003.

43. As a direct result of the wrongful discipline on July 1, 2003, Ms. Beebe suffered and continues to suffer severe emotional distress.

44. As a direct result of the wrongful termination, Ms. Beebe suffered and continues to suffer severe emotional distress.

## V. **CLAIMS FOR RELIEF**

### First Claim: Violation of FMLA

45. The Plaintiff repeats the allegations in paragraphs 1 through 44, above, and incorporates them here.

46. The employer interfered with Ms. Beebe's rights under the FMLA by failing and refusing to grant Ms. Beebe medical leave to care for the serious medical conditions of her minor children during the period from before January 1, 2002 until July 2003.

47. The employer interfered with Ms. Beebe's rights under the FMLA by failing and refusing to grant Ms. Beebe medical leave for her own serious medical condition during the

period from July 24, 2003 until August 4, 2003 and by wrongfully terminating her on August 4, 2003 for missing work during that period.

48. The employer discriminated against Ms. Beebe in violation of the FMLA by disciplining Ms. Beebe for taking medical leave to care for the serious medical conditions of her minor children.

49. The employer discriminated against Ms. Beebe in violation of her rights under the FMLA by wrongfully terminating her employment on August 4, 2003 for taking medical leave to care for her own serious medical condition.

50. By its actions described above, the employer violated the FMLA, 29 U.S.C. § 2615(a)(1) & (2), and its implementing regulations, and interfered with Ms. Beebe's rights under those provisions and discriminated against her for exercising his rights under the FMLA.

### Second Claim: Breach of Contract

51. The Plaintiff repeats the allegations in paragraphs 1 through 50, above, and incorporates them here.

52. By failing to provide Ms. Beebe with medical leave in accordance with its own stated policies, the employer breached its employment contract with Ms. Beebe.

### VI. PRAYERS FOR RELIEF

WHEREFORE, the Plaintiff respectfully requests that this Court:

1) Order the employer to reinstate Ms. Beebe to her job as custodian or equivalent position;

2) Order the employer to fully restore, back to the date of termination, any life insurance, dental, medical, disability and other benefits which were a part of Ms. Beebe's previous benefit package;

3) Grant the Plaintiff money damages against the Defendant employer pursuant to 29 U.S.C. § 2617, including but not limited to damages for lost wages, benefits, and other compensation denied or lost to the employee; and for emotional distress; and including liquidated damages as provided for by that section;

4) Grant to the Plaintiff the costs of maintaining this action, including a reasonable attorney's fee, pursuant to 29 U.S.C. § 2617(a)(3);

5) Grant to the Plaintiff damages for breach of contract; and

6) Grant such other and further relief as the Court deems just and proper.

The Plaintiff demands a jury trial for all claims so triable.

Dated: August 3, 2005

Respectfully submitted,
MICHELLE BEEBE
By Her Attorney,

Thomas J. McCormick, BBO # 561760
Heisler, Feldman & McCormick, P.C.
1145 Main Street, Suite 508
Springfield, MA 01103
(413) 788-7988
Fax (413) 788-7996

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Michelle Beebe

### DEFENDANTS
Williams College

(b) County of Residence of First Listed Plaintiff: Berkshire
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: Berkshire
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Thomas J. McCormick; Heisler, Feldman & McCormick, P.C., 1145 Main Street, Suite 508, Springfield, MA 01103
413 738-7938

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- [ ] 1 U.S. Government Plaintiff
- [X] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS — PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

**TORTS — PERSONAL INJURY**
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 441 Voting
- [X] 442 Employment
- ☐ 443 Housing/Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence
- Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt. Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS — Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN (Place an "X" in One Box Only)
- [X] 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Family & Medical Leave Act, 29 U.S.C. § 2615

Brief description of cause:
Defendant interfered with Plaintiff's FMLA rights and discriminated against her by wrongfully terminating her

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: [X] Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions)
JUDGE
DOCKET NUMBER

DATE: 8/3/05
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG. JUDGE

306018

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) __Michelle Beebe v. Williams College__

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   - [ ] I. 160, 410, 470, 535, R.23, REGARDLESS OF NATURE OF SUIT.
   - [x] II. 195, 196, 368, 400, 440, 441-446, 540, 550, 555, 625, 710, 720, 730, 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.   *Also complete AO 120 or AO 121 for patent, trademark or copyright cases
   - [ ] III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891.
   - [ ] IV. 220, 422, 423, 430, 460, 480, 490, 510, 530, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900.
   - [ ] V. 150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
   YES [ ]   NO [x]

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
   YES [ ]   NO [x]
   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
   YES [ ]   NO [ ]

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
   YES [ ]   NO [x]

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
   YES [x]   NO [ ]

   A. If yes, in which division do all of the non-governmental parties reside?
      Eastern Division [ ]   Central Division [ ]   Western Division [x]

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
      Eastern Division [ ]   Central Division [ ]   Western Division [ ]

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
   YES [ ]   NO [ ]

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME __Thomas J McCormick   Heisler, Feldman & McCormick, P.C.__
ADDRESS __1145 Main Street Suite 508, Springfield, MA 01103__
TELEPHONE NO. __413-788-7988__

(CategoryForm.wpd - 5/2/05)