UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

MICHELLE BEEBE,

    Plaintiff,

v.

WILLIAMS COLLEGE,

    Defendant.

Civil Action No. 05-30182

# ANSWER

## FIRST DEFENSE

Defendant Williams College ("Defendant") answers the numbered paragraphs of the Complaint of Plaintiff Michelle Beebe ("Plaintiff") as follows:

### I. INTRODUCTION

1. The introductory paragraph of the Complaint purports to describe the Complaint itself and states conclusions of law as to which no response is necessary. To the extent a response is necessary, Defendant denies the allegations in this paragraph.

2. Defendant admits that this action was purportedly brought to secure equitable relief, monetary damages, costs and attorney's fees.

### II. JURISDICTION

3. Defendant states that the allegations in this paragraph state a conclusion of law as to which no response is necessary. To the extent a response is necessary, Defendant denies the allegations in this paragraph.

### III. PARTIES

4. Defendant is without knowledge or information sufficient to form a belief

as to the truth of the allegations contained in this paragraph.

    5.    Defendant denies that it has a principal place of "business," in that it is a charitable, not-for-profit educational institution, the principal offices of which are located in Williamstown, Massachusetts 01267. Except as noted, Defendant admits the allegations of this paragraph.

## IV.    FACTS

    6.    Defendant admits that it employed Plaintiff on an at-will basis until her discharge on August 4, 2003. Defendant admits all other allegations contained in this paragraph.

    7.    Defendant admits that in July 2003 Plaintiff worked for the Defendant as a custodian. Defendant further states that it accommodated Plaintiff's childcare needs by allowing her to begin her shifts Monday through Friday at 7:30 a.m., instead of the normal time of 5:30 a.m. Except as noted, Defendant denies the allegations contained in this paragraph.

    8.    Defendant admits that in 2002 Plaintiff took 90.50 hours of sick leave and 129.00 hours of unpaid leave, and in 2003 Plaintiff took 77.5 hours of sick leave and 176 hours of unpaid leave. Except as noted, Defendant denies the allegations contained in this paragraph.

    9.    Defendant denies the allegations contained in this paragraph.

    10.    Defendant denies the allegations contained in this paragraph.

    11.    Defendant denies the allegations contained in this paragraph.

    12.    Defendant denies the allegations contained in this paragraph.

    13.    Defendant denies the allegations contained in this paragraph.

14. Defendant admits that Plaintiff's absences from work in 2002 and 2003 were not designated as FMLA leave. Except as noted, Defendant denies the allegations contained in this paragraph.

15. Defendant admits that on July 1, 2003, as part of Defendant's disciplinary process, Plaintiff received a written warning concerning her excessive use of unscheduled time off. Defendant further states that this written warning reminded Plaintiff about the availability of FMLA leave for serious childcare issues.

16. Defendant admits that Plaintiff only worked five hours of her eight-hour shift on Thursday, July 24, 2003. Except as noted, Defendant denies the allegations contained in this paragraph.

17. Defendant denies the allegations contained in this paragraph.

18. Defendant denies the allegations contained in this paragraph.

19. Defendant admits the allegations contained in this paragraph.

20. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

21. Defendant states that the allegations contained in this paragraph refer to a document which speaks for itself and otherwise deny the allegations contained in this paragraph.

22. Defendant admits that it received a doctor's note dated July 27, 2003. Except as noted, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

23. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

24. Defendant states that the allegations contained in this paragraph refer to a document which speaks for itself and otherwise deny the allegations contained in this paragraph.

25. Defendant admits that it received a doctor's note dated July 30, 2003. Except as noted, the Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

26. Defendant admits the allegations contained in this paragraph.

27. Defendant admits the allegations contained in this paragraph.

28. Defendant states that the allegations contained in this paragraph refer to a document which speaks for itself and otherwise deny the allegations contained in this paragraph.

29. Defendant admits the allegations contained in this paragraph.

30. Defendant admits the allegations contained in this paragraph.

31. Defendant denies the allegations contained in this paragraph.

32. Defendant denies the allegations contained in this paragraph.

33. Defendant denies the allegations contained in this paragraph.

34. Defendant denies the allegations contained in this paragraph.

35. Defendant denies the allegations contained in this paragraph.

36. Defendant denies the allegations contained in this paragraph.

37. Defendant admits the allegations contained in this paragraph.

38. Defendant admits the allegations contained in this paragraph.

39. Defendant denies the allegations contained in this paragraph.

40. Defendant admits that during the grievance process, Plaintiff requested

reinstatement. Defendant further states that it has never offered to reinstate Plaintiff.

    41.    Defendant denies the allegations contained in this paragraph.

    42.    Defendant denies the allegations contained in this paragraph.

    43.    Defendant denies the allegations contained in this paragraph. Defendant further states that this allegation is not relevant to the claims Plaintiff asserts.

    44.    Defendant denies the allegations contained in this paragraph. Defendant further states that this allegation is not relevant to the claims Plaintiff asserts.

### V. CLAIMS FOR RELIEF

#### First Claim: Violation of FMLA

    45.    Defendant restates and incorporates by reference its answers to Paragraphs 1-44, above.

    46.    Defendant denies the allegations contained in this paragraph.

    47.    Defendant denies the allegations contained in this paragraph.

    48.    Defendant denies the allegations contained in this paragraph.

    49.    Defendant denies the allegations contained in this paragraph.

    50.    Defendant denies the allegations contained in this paragraph.

#### Second Claim: Breach of Contract

    51.    Defendant restates and incorporates by reference its answers to Paragraphs 1-50, above.

    52.    Defendant denies the allegations contained in this paragraph.

Defendant denies all allegations in the WHEREFORE clause following paragraph 52 of the Complaint, denies it is liable to Plaintiff in any way and denies that Plaintiff is entitled to any of the relief that she seeks.

## Second Defense

The Complaint fails, in whole or in part, to state a claim for which relief can be granted.

## Third Defense

Plaintiff's claims are barred, in whole or in part, by principles of equity, including but not limited to the doctrines of waiver, estoppel, laches, and unclean hands.

## Fourth Defense

Plaintiff's breach of contract claim is barred because there was no meeting of the minds or mutual assent regarding the alleged contract that the Plaintiff attempts to enforce.

## Fifth Defense

Plaintiff's breach of contract claim is barred by Plaintiff's failure to perform her obligations under the alleged contract.

## Sixth Defense

Plaintiff has not suffered any damages as a result of the alleged actions of Defendant.

## Seventh Defense

Plaintiff has failed to mitigate any damages that she may have suffered as a result of the alleged actions of the Defendant.

## Eighth Defense

Any damages that Plaintiff suffered were caused in whole or in part by her own conduct.

## Ninth Defense

Defendant reserves the right to amend this Answer and assert additional

affirmative defenses as they become known and apparent.

                                                     Williams College
                                                     By its attorney,

/s/ Judith A. Malone
Judith A. Malone (BBO #316260)
EDWARDS ANGELL PALMER & DODGE LLP
111 Huntington Avenue at Prudential Center
Boston, MA 02199-7613
617.239.0100

November 23, 2005

### CERTIFICATE OF SERVICE

I hereby certify that I caused a true copy of the above document to be served upon the attorney of record for each other party by certified mail on November 23, 2005.

/s/ Judith A. Malone

7