UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

MICHELLE BEEBE,            )
       Plaintiff      )
                           )
                           )
                           )
   v.                      )  Civil Action No. 05-30182-MAP
                           )
                           )
                           )
WILLIAMS COLLEGE,          )
       Defendant      )

REPORT AND RECOMMENDATION WITH REGARD TO
DEFENDANT'S MOTION TO DISMISS (Document No. 4)
April 18, 2006

NEIMAN, C.M.J.

    Michelle Beebe ("Plaintiff") brings this two-count action against Williams College ("Defendant") alleging violations of the Family Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. § 2601 *et seq.*, as well as breach of contract for Defendant's failure to comply with policies outlined in an employee handbook. Among other remedies, Plaintiff seeks emotional distress damages for Defendant's alleged FMLA violations. Pursuant to Fed. R. Civ. P. 12(b)(6), Defendant has moved to dismiss Plaintiff's request for such damages and to dismiss as well Plaintiff's breach of contract claim in its entirety. Defendant does not now challenge the underlying FMLA claim

    Defendant's motion has been referred to this court for a report and recommendation. *See* 28 U.S.C. § 636(b)(1)(B). As detailed below, the court will recommend that the motion to dismiss be allowed with respect to Plaintiff's request for

emotional distress damages but denied with respect to her breach of contract claim.

## I. STANDARD OF REVIEW

A Rule 12(b)(6) motion to dismiss should be granted when a review of the complaint shows that the plaintiff can prove no set of facts in support of her claims that would entitle her to relief. *See* Fed. R. Civ. P. 12(b)(6); *Wagner v. Devine*, 122 F.3d 53, 55 (1st Cir. 1997). The court must accept the allegations of the complaint as true, drawing all reasonable inferences in favor of the plaintiff. *See Albright v. Oliver*, 510 U.S. 266, 268 (1994). If a plaintiff's claims do not establish recognized legal theories for which relief may be granted, the court must dismiss the complaint. *See Wilson v. Civil Town of Clayton*, 839 F.2d 375, 378 (7th Cir. 1988).

## II. BACKGROUND

The following allegations come directly from Plaintiff's complaint and are stated in a light most favorable to her. *See Coyne v. City of Somerville*, 972 F.2d 440, 443 (1st Cir. 1992). To give a complete picture, however, the court has also considered the employee handbook, which both parties agree is incorporated into the complaint. *See Alternative Energy, Inc. v. St. Paul Fire & Marine Ins. Co.*, 267 F.3d 30, 33 (1st Cir. 2001) (noting that such documents may be properly considered on a Rule 12(b)(6) motion).

Plaintiff was employed by Defendant for nearly fifteen years before being fired on August 4, 2003. She had worked as a snack bar attendant and, later, as a custodian in the building and grounds department. (Complaint ¶¶ 6-7.) In the course of her employment, Plaintiff received a copy of Defendant's employee handbook which

contained a copy of its family and medical leave policies.  (*Id.* ¶ 38.)

On occasion between January of 2002 and July of 2003, Plaintiff took paid and unpaid leaves to care for her minor children's medical needs.  (*Id.* ¶¶ 8-11.)  Whenever Plaintiff had to miss work to provide such care, she gave notice as required by Defendant's policies.  (*Id.* ¶ 12.)  On July 1, 2003, however, Plaintiff received a written warning for excessive use of unscheduled time-off, although the warning acknowledged that many of her absences were related to the care of her children.  (*Id.* ¶ 15.)

On July 23, 2003, Plaintiff herself became ill and, but for one day, thereafter remained out of work until August 4, 2003.  (*See id.* ¶¶ 16-25.)  When Plaintiff returned to work, her supervisor informed her that she had been fired, handed her a final paycheck and gave her a letter indicating that her termination was the result of missing six days of work during the month of July.  (*Id.* ¶¶ 26-28.)

Plaintiff filed an internal grievance with Defendant requesting reinstatement to her former position (or something comparable), but no offer of reinstatement was forthcoming.  (*Id.* ¶ 40.)  Plaintiff then filed this two-count lawsuit in which she alleges that Defendant violated the FMLA ("First Claim") and breached her employment "contract" ("Second Claim").  In conjunction with answering the complaint, Defendant filed the instant motion to dismiss the emotional distress damages which Plaintiff seeks in her First Claim and to dismiss Plaintiff's Second Claim in its entirety.

### III.  DISCUSSION

Defendant first argues that emotional distress damages are not permitted under the FMLA and, therefore, that such a remedy should be dismissed from Plaintiff's First

Claim. As will be described, the court concurs with this assessment. The court, however, does not concur with Defendant's second argument, *i.e.*, that the employee handbook does not constitute an enforceable contract as a matter of law. As an initial matter, however, the court will address a procedural issue regarding the timing of Defendant's motion to dismiss.

A. Posture of Defendant's Motion

In the court's estimation, it was technically improper for Defendant to answer the complaint and simultaneously move to dismiss pursuant to Fed. R. Civ. P. 12(b). Although Plaintiff has not argued the point, the court notes that Rule 12(b) motions should be filed "before pleading." Fed. R. Civ. P. 12(b) (second sentence). In other words, "[i]f the defendant decides to assert a Rule 12(b) defense by motion, then he must do so before filing the answer." Charles Alan Wright & Arthur R. Miller, 5C *Federal Practice & Procedure* § 1361 (2005) (citing, *inter alia*, *Gerakaris v. Champagne*, 913 F. Supp. 646, 650 (D. Mass. 1996)). Nevertheless, Defendant's error in this regard is immaterial given that its Rule 12(b) defenses were, at least, mentioned in the answer. *See id.* (noting that while "[a] strict interpretation of the timing provision's language leads to the conclusion that the district judge must deny any Rule 12(b) motion made after a responsive pleading is interposed as being too late . . ., federal courts have allowed untimely motions if the defense has been previously included in the answer") (citing cases). *Cf.* Fed. R. Civ. P. 12(c) (providing avenue for defendant to seek judgment on the pleadings "[a]fter the pleadings are closed"). Accordingly, the court turns to the merits of Defendant's motion.

B. <u>Emotional Distress Damages</u>

The FMLA details the types of relief available to aggrieved employees. Specifically, an employer who violates the FMLA is liable "for damages equal to the amount of any wages, salary, employment benefits, or other compensation denied or lost" by the employee or, where there has been no tangible loss, "for actual monetary losses sustained...as a direct result of the [FMLA] violation." 29 U.S.C. § 2617(a)(1); 29 C.F.R. § 845.400(c) (2006). The statute also provides that where an employer has acted in bad faith, an aggrieved employee may recover liquidated damages equal to the sum of the damages mentioned above, as well as equitable relief in the form of reinstatement or promotion. *See* 29 U.S.C §§ 2617(a)(1)(A)(ii)-(iii), 2617(a)(1)(B); 29 C.F.R. § 845.400(c) (2006). Nowhere, however, does the FMLA mention damages for emotional distress.

Most courts which have considered the issue have held that emotional distress damages are not recoverable under the FMLA. *See, e.g., Rogers v. AC Humko Corp.*, 56 F. Supp. 2d 972, 979 (W.D. Tenn. 1999) ("This Court will join the long line of federal district courts holding that damages for emotional distress are not recoverable under the FMLA.") (citations omitted). The logic behind these holdings is clear: since the FMLA specifically lists the kinds of recovery available, all of which relate to actual monetary damages, the statute simply does not permit recovery for emotional distress. *See Brumbalough v. Camelot Care Ctrs., Inc.*, 427 F.3d 996, 1007 (6th Cir. 2005). The Supreme Court too has noted -- albeit not ruling on the specific question presented here -- that "the cause of action under the FMLA is a restricted one: The damages

5

recoverable are strictly defined and measured by actual monetary losses." *Nevada Dep't of Human Resources v. Hibbs*, 538 U.S. 721, 739-40 (2003) (citing 29 U.S.C. §§ 2617(a)(1)(A)(i) - (iii)).

Plaintiff, nonetheless argues that the Eighth Circuit, at least, has allowed compensatory damages for "mental anguish, loss of dignity, and other intangible injuries" related to an FMLA claim. *Duty v. Norton-Alcoa Proppants*, 293 F.3d 481, 496 (8th Cir. 2002). Unfortunately for Plaintiff, the Eighth Circuit -- in an opinion issued after Plaintiff filed her brief -- changed course, stating that the "reference to emotional distress damages in *Duty* is probably mistaken and not sound law." *Rodgers v. City of Des Moines*, 435 F.3d 904, 908 (8th Cir. 2006) (citing cases). The court then went on to join all the other courts which have held that "emotional distress damages are not available under the FMLA." *Id.* at 909.

To be sure, Plaintiff also argues that Rule 12(b)(6) is not the "appropriate tool with which to strike a prayer for relief," *i.e.*, that such an attack should be made by way of a motion for summary judgment. Plaintiff, however, cites no caselaw in support of this theory. Moreover, Plaintiff cannot avoid the fact that many other courts have dismissed such claims for relief via Rule 12(b)(6). *See*, *e.g.*, *Rosania v. Taco Bell of Am., Inc.*, 303 F. Supp. 2d 878, 882 (N.D. Ohio 2004); *Settle v. S.W. Rodgers Co.*, 998 F. Supp. 657, 666 (E.D. Va. 1998); *McAnnally v. WYN S. Molded Products, Inc.*, 912 F. Supp. 512, 513 (N.D. Ala. 1996) (all granting motions to dismiss emotional distress damages in FMLA claims). In short, the court sees no reason that Plaintiff's claim for emotional distress damages should remain and, thus, will recommend that this portion

of Defendant's motion be allowed.

C. <u>Breach of Contract</u>

Defendant also argues that Plaintiff's claim for breach of contract should be dismissed in its entirety because the employee handbook does not constitute an enforceable contract as a matter of law. On this score, the court finds Plaintiff's position more persuasive, particularly given the nascency of the action.

It is well-settled in Massachusetts that an employee handbook or personnel manual may form the basis of an employment contract that is beyond that of at-will employment. *See Hinchey v. NYNEX Corp.*, 144 F.3d 134, 144 (1st Cir. 1998); *O'Brien v. New England Telephone*, 664 N.E.2d 843, 847 (Mass. 1996); *Jackson v. Action for Boston Cmty. Dev.*, 525 N.E.2d 411, 415 (Mass. 1988). Defendant argues, however, that the five elements to be considered when addressing the issue -- first mentioned by the Supreme Judicial Court ("SJC") in *Jackson*, 525 N.E.2d at 414 -- conclusively demonstrate that the handbook at issue here does not constitute such a contract. The court disagrees.

Since *Jackson*, the SJC has noted that the five elements mentioned therein were not intended to establish a "rigid list of prerequisites," but rather were merely factors to be considered in determining whether the terms of a personnel manual constitute an employment contract. *O'Brien*, 664 N.E.2d at 847. Accordingly, the SJC explained, other factors outside the four corners of the handbook, in addition to the elements set forth in *Jackson*, should also be considered. *See id.* at 847-49. These factors include: agreements made by the parties before employment, other oral or written agreements,

general circumstances of employment, and whether the employer itself adheres to the policies and procedures of the handbook. *See id.* As is evident here, these "outside factors" have yet to be explored by the parties. The court, therefore, deems it premature to dismiss Plaintiff's breach of contract claim as a matter of law.

Nonetheless, Defendant argues in the alternative that, even if the court believes that the employee handbook could constitute an implied or expressed employment contract, Plaintiff has failed to meet her obligations under that contract and, therefore, that her claim should be dismissed. The court disagrees. To be sure, the SJC in *O'Brien* noted that in order for a claimant to maintain her contractual rights under an employee handbook, she must also obey the policies and procedures set forth therein. *See id.* at 849. Again, however, the kind of information that would allow the court to make such a decision has yet to be explored or discovered. Perhaps more importantly, Plaintiff was not required to explicitly detail such facts in her complaint. *See* Fed. R. Civ. P. 8(a). Even so, Plaintiff did allege in her complaint that she followed the notice requirements set forth in the employee handbook. (See Complaint ¶¶ 12, 17, 22 and 25.) This is more than sufficient for present purposes. Accordingly, the court will recommend that Defendant's motion be denied with respect to Plaintiff's breach of contract claim.

### III. CONCLUSION

For the reasons stated, the court recommends that Defendant's motion to dismiss be ALLOWED with respect to the emotional distress damages alleged in

Plaintiff's First Claim and DENIED with respect to Plaintiff's Second Claim.[1]

DATED: April 18, 2006

                                       /s/ Kenneth P. Neiman
                                       KENNETH P. NEIMAN
                                       Chief Magistrate Judge

---

[1] The parties are advised that under the provisions of Rule 3(b) of the Rules for United States Magistrates in the United States District Court for the District of Massachusetts, any party who objects to these findings and recommendations must file a written objection with the Clerk of this Court **within ten (10) days** of the party's receipt of this Report and Recommendation. The written objection must specifically identify the portion of the proposed findings or recommendations to which objection is made and the basis for such objection. The parties are further advised that failure to comply with this rule shall preclude further appellate review by the Court of Appeals of the District Court order entered pursuant to this Report and Recommendation. See *Keating v. Secretary of Health & Human Services*, 848 F.2d 271, 275 (1st Cir. 1988); *United States v. Valencia-Copete*, 792 F.2d 4, 6 (1st Cir. 1986); *Scott v. Schweiker*, 702 F.2d 13, 14 (1st Cir. 1983); *United States v. Vega*, 678 F.2d 376, 378-379 (1st Cir. 1982); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603, 604 (1st Cir. 1980). See also *Thomas v. Arn*, 474 U.S. 140, 154-55 (1985). A party may respond to another party's objections within ten (10) days after being served with a copy thereof.