UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

MICHELLE BEEBE,

        Plaintiff,

  v.

WILLIAMS COLLEGE,

        Defendant.

Civil Action No. 05-30182

**MEMORANDUM IN SUPPORT OF MOTION TO COMPEL**

Pursuant to Fed. R. Civ. P. 35 and 37, Defendant Williams College (the "College") respectfully moves the Court for an Order directing Plaintiff Michelle Beebe ("Plaintiff") to appear at a mutually agreeable time and place, for the purpose of being examined by Defendant's employability expert, Steve Miller, President of The Miller Group, concerning solely the subjects of Plaintiff's educational background, employment history, other experiences qualifying her for particular types of employment, and the specific efforts she has made, along with the results of those efforts, to find employment since her discharge from the College on April 4, 2003. Alternatively, the College seeks an Order directing Plaintiff to appear at a mutually agreeable time and place, for the purpose of being deposed in the presence of Mr. Miller, concerning the same aforementioned subjects. As stated more fully below, the College has good cause for seeking this examination and/or deposition.

\*  \*  \*

Plaintiff who is a 42 year old woman fully capable of employment, has been unemployed for the majority of the nearly four years since she was terminated from her position at the College for excessive absenteeism. In her Complaint, Plaintiff alleges that by terminating her the

College violated the Family and Medical Leave Act, 29 U.S.C. § 2611 *et seq.*, and breached its employment contract with her. Complaint, V. She claims money damages for lost wages, benefits and other compensation, contract damages and liquidated damages. Complaint, VI. The College will argue at trial that Plaintiff has failed to mitigate any potential damages by seeking employment. This issue will be strongly contested at trial.

At a status conference in February, the Court allowed Williams' request to obtain an expert on mitigation. In order to be able to best assess her employability, the College requests that Mr. Miller be allowed to conduct a brief, no more than two-hour examination of Plaintiff at a mutually convenient time and place with Plaintiff's counsel present. During that examination, Mr. Miller will ask the Plaintiff questions concerning solely the subjects of Plaintiff's educational background, employment history, other experiences qualifying her for particular types of employment, and the specific efforts she has made, along with the results of those efforts, to find employment since her discharge from the College on April 4, 2003. Certification of Steve Miller ("Miller Certification"), at ¶ 3, attached to this Memorandum as Exhibit A. Following that examination, Mr. Miller will make his report available on an expedited basis and be available for an expedited deposition. Certification, at ¶ 11.

Pursuant to Federal Rule of Civil Procedure 35, the College requests that the Court issue an Order directing Plaintiff to appear for such an examination by Mr. Miller. Rule 35 has been interpreted to apply to vocational examinations. *Fischer v. Coastal Towing Inc.*, 168 F.R.D. 199, 201 (E.D. Tex. 1996); *Olcott v. LaFiandra*, 793 F. Supp. 487, 492 (D.Vt. 1992); *Stewart v. Burlington N. R.R. Co.*, 173 F.R.D. 254, 256 (D. Minn. 1995); *Malone v. Med Inn Ctrs. of Am., LLC*, No. 00-CV-0720E (SR), 2004 WL 1080155, at *2 (W.D.N.Y. Apr. 20, 2004); *Smolinsky v State Farm Ins. Co.*, No. Civ. A 99-CIV-2065, 1999 WL 1285824, at * 1 (E.D. Pa. Dec. 22,

1999). The 1991 Advisory Committee Notes to Rule 35 indicate that:

> The rule was revised in 1988 by Congressional enactment to authorize mental examinations by licensed clinical psychologists. This revision extends that amendment to include other certified or licensed professionals… who are not physicians or clinical psychologists, but who may be well-qualified to give valuable testimony about the physical or mental condition that is the subject of dispute.

Fed. R. Civ. P. 35 Advisory Committee Notes. A "suitably licensed or certified examiner" under Rule 35 includes a vocational-rehabilitation expert. *Olcott*, 793 F. Supp. at 492; *Fischer,* 168 F.R.D. at 201. The Rule, thus, should be interpreted to apply to vocational examinations, like the one requested here by the College, especially since "'deposition-discovery rules are to be accorded a broad and liberal treatment' … to effectuate their purpose that civil trials in the federal courts no longer need be carried on in the dark.'" *Schlagenhauf v. Holder*, 379 U.S. 104, 114-15 (1964).

As evidenced by the attached Certification of Steve Miller, Mr. Miller qualifies as a suitable examiner given his considerable expertise in the area of employment. He has over thirty years of experience in the employment field, placing people in all types of jobs. Miller Certification, at ¶ 9. During that time, Mr. Miller has been involved in the ownership and operation of two sizeable employment agencies. *Id.*, at ¶ 4. Moreover, Mr. Miller has twenty years of experience testifying as an expert witness regarding the employability of individuals who are seeking replacement or new employment. *Id.*, ¶ 5. Mr. Miller is, therefore, uniquely qualified to testify concerning this crucial issue.

Plaintiff has placed her mental and physical condition "in controversy" by alleging that she was discharged from her position at the College while she and her children suffered from serious health conditions. Complaint, ¶¶ 9, 10, 11, 33, 42. Furthermore, according to the expert report of Craig L. Moore, an economic expert retained by Plaintiff, Plaintiff is about to have

surgery that will make it impossible for her to work until early summer.

Good cause exists for ordering this examination. Plaintiff plans to be evaluated by her own vocation-rehabilitation expert as evidenced by Plaintiff's Motion to Amend the Scheduling Order to Allow Her Time to Designate a Vocational Expert If and When the Defendant Designates Such an Expert, filed with the Court on March 30, 2007. It is expected that Plaintiff would meet with her own vocation-rehabilitation expert for a personal interview in much the same way she personally met with her economic expert, Mr. Moore, as indicated by his expert report. Here, the College has the burden to prove the existence of substantially equivalent positions during the past four years which would have enabled Plaintiff to mitigate her damages. *Quint v. A.E. Staley Mfg. Co.*, 172 F.3d 1, 15-16 (1st Cir. 1999). The College would be prejudiced in its ability to defend itself against Plaintiff's claim of damages for lost wages if denied the opportunity to have its own expert perform a similar vocational rehabilitation evaluation of the Plaintiff. *See Olcott,* 793 F. Supp. at 492.

Furthermore, at the time of Plaintiff's deposition on February 2, 2007, Plaintiff had failed to produce documents requested by the College in September 2006 concerning income earned by Plaintiff since the time of her discharge in August 2003. Affidavit of Judith Malone ("Malone Affidavit"), ¶ 8, attached to this Memorandum as Exhibit B. Plaintiff's counsel did not object to those document requests in Plaintiff's Responses to the Defendant's First Request for the Production of Documents, served on December 8, 2006. *Id.*, ¶ 9. Despite the failure to object to the requests, Plaintiff did not produce responsive documents until March 17, 2004 and April 10, 2007. *Id.* ¶ 11, 12. Therefore, despite its timely request, the College did not have documents in its possession at the time of Plaintiff's deposition which would have enabled it to conduct a more thorough examination of the income Plaintiff has earned, or failed to earn, since August 2003.

In order to provide the jury with the best possible assessment of Plaintiff's damages, the Court should order Plaintiff to comply with the College's request, and appear for an examination with Mr. Miller. Pursuant to Local Rule 7.1(A)(2), Counsel for the College requested that Plaintiff appear voluntarily for an interview with Mr. Miller. *Id*., ¶ 2, 3. Plaintiff's counsel categorically refused to make her available. *Id*., ¶ 4.

Alternatively, the College seeks an Order directing Plaintiff to appear at a mutually agreeable time and place, for the purpose of being deposed in the presence of Mr. Miller, concerning the subjects of Plaintiff's educational background, employment history, other experiences qualifying her for particular types of employment, and the specific efforts she has made, along with the results of those efforts, to find employment since her discharge from the College on April 4, 2003. Pursuant to Local Rule 7.1(A)(2), Counsel for the College requested this alternative plan to Plaintiff's counsel. *Id*. ¶ 5. Plaintiff's counsel, however, refused to consent to this good faith attempt by the College to compromise. *Id*., ¶ 6.

For the reasons stated above, the College respectfully requests that the Court grant it Motion and also extend the time period for completion of Mr. Miller's report until May 15, 2007. This request for an extension is necessitated by Plaintiff's failure to respond to Williams' request in a timely manner. Although Williams made the initial request on March 20, 2007, and attempted to provide alternative method to obtain the information, Williams' did not learn until the close of business on Friday, April 13, that this motion would be required.

        Respectfully submitted,
        Williams College
        By its attorneys,


        */s/ Judith A. Malone*
        Judith A. Malone (BBO #316260)
        Patricia M. Higgins (BBO # 663318)
        EDWARDS ANGELL PALMER & DODGE LLP
        111 Huntington Avenue
        Boston, MA  02199-7613
        617.239.0100
        jmalone@eapdlaw.com
        phiggins@eapdlaw.com

Dated: April 17, 2007

## LOCAL RULE 7.1(A)(2) CERTIFICATION

Counsel for the College conferred with Plaintiff's counsel in an attempt to resolve or narrow the issues of dispute, but the parties were unable to reach agreement. Specifically, on or about March 20, 2007 and again on April 10, 2007, the College's counsel spoke with Plaintiff's counsel by phone. The College's counsel left messages for Plaintiff's counsel by voicemail on March 30 and April 2, April 11, and by e-mail on April 3.

        /s/ *Judith A. Malone*


## CERTIFICATE OF SERVICE

I hereby certify that this document has been filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

        /s/ *Judith A. Malone*

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MICHELLE BEEBE,<br><br>             Plaintiff,<br><br>    v.<br><br>WILLIAMS COLLEGE,<br><br>             Defendant. | Civil Action No. 05-30182 |

**AFFIDAVIT OF COUNSEL**

I, Judith Malone, state as follows:

1.  I am an attorney at Edwards Angell Palmer & Dodge LLP and counsel to Defendant Williams College ("the College") in the above-captioned action. This affidavit is based on my personal knowledge.

2.  On or about March 20, 2007 I spoke with counsel for Plaintiff Michelle Beebe ("Plaintiff") and requested that he produce Plaintiff for an examination by Steve Miller, who is the College's expert witness in the area of employability. I left a voicemail for Plaintiff's counsel concerning this same issue on March 30. My associate, Patricia Higgins, left follow-up messages by voicemail on April 2 and by electronic mail on April 3.

3.  I requested Plaintiff's counsel to voluntarily produce Plaintiff for an examination during which Mr. Miller would explore the issues of Plaintiff's employability and her efforts to obtain employment since her termination from the College in August 2003. I indicated that Plaintiff's counsel may be present for the duration of this examination and that the examination may be scheduled at a time and place convenient for Plaintiff and her counsel.

4. Plaintiff's counsel sent Patricia and electronic mail on April 6, 2007 indicating that he and his client declined to appear for such an examination.

5. On April 10, 2007, Patricia contacted Plaintiff's counsel by phone and asked whether he would agree to an alternative arrangement in which I would re-open Plaintiff's deposition on just the issues of Plaintiff's employability and efforts to obtain new employment with Mr. Miller present for such a deposition.

6. On Friday, April 13, 2007, shortly before 5 p.m., Plaintiff's counsel left me a voicemail message and rejected the request to re-open her deposition on this sole issue.

7. The parties have tried in good faith to reach agreement on this issue and have been unable to do so.

8. At the time of Plaintiff's deposition on February 2, 2007, the College did not have documents concerning income earned or received for the period of August 5, 2003 through the present. The College requested this information in its First Request for the Production of Documents on September 19, 2006.

9. Plaintiff's counsel did not object to the request for income-related documents in Plaintiff's Responses to the Defendant's First Request for the Production of Documents served on December 8, 2006. On or about December 9, however, Plaintiff produced only two responsive documents: a retirement annuity withdrawal payment form dated December 2, 2003; and a paycheck stub for the period of January 10 through January 17, 2004.

10. On January 30, 2007 counsel for the College sent a letter to Plaintiff's counsel indicating that Plaintiff had failed to produce income-related documents responsive to its document request of September 19, 2006.

11. On or about March 17, 2004 Plaintiff produced some income-related documents, including (1) Internal Revenue Service (IRS) Form 1099-R for years 2002-2004, and 2006; (2) a W-2 for 2002; and (3) Statements of Unemployment Compensation for 2003 and 2004.

12. On April 10, 2007 Plaintiff produced additional income-related documents including (1) first pages of her Form 1040 for years 2001 - 2004; (2) W-2 forms for years 2001 - 2004; (3) Forms 1099-R for years 2001 – 2004 and 2006; (4) Statement of Unemployment Compensation for 2004; and (5) correspondence with the IRS.

13. Plaintiff has been unemployed for the vast majority of the nearly four years since her termination from the College. Her attempts to obtain employment and thus mitigate her damages will be a strongly contested issue in the upcoming trial, making Mr. Miller's testimony extremely important.

Signed under the pains and penalties of perjury this 17th day of April, 2007.

/s/ Judith A. Malone_____
Judith A. Malone (BBO #316260)
Edwards Angell Palmer & Dodge
111 Huntington Avenue
Boston, MA  02199
(617) 239-4321

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

MICHELLE BEEBE,

    Plaintiff,

v.

WILLIAMS COLLEGE,

    Defendant.

Civil Action No. 05-30182

**CERTIFICATION OF STEVE MILLER**

I, Steve Miller of full age, hereby certify that:

1. This certification is made in support of the application of Defendant Williams College ("the College") in the above-captioned action to compel Plaintiff Michelle Beebe ("Plaintiff") to be examined by me with regard to the Plaintiff's qualifications and efforts to obtain employment following her discharge by the College on August 4, 2003.

2. I have submitted reports as an expert in the field of employability in many cases. I have testified as an expert in both state and federal courts in connection with these cases. In each case, I have reviewed the qualifications and employment search efforts of the person seeking damages which are based upon the person's success or inability to find suitable employment. My reports and testimony have supported the position of some claimants by confirming that a diligent effort was made to find employment. In other cases, my reports and testimony have refuted the claimant's position by demonstrating that a reasonable effort was not made. A copy of my c.v. is attached.

3. In order to evaluate each case as carefully as possible I seek to interview the claimant for approximately two hours. During the examination, I will ask about the individual's

personal and educational background, work history, and other experiences which would qualify the person for particular positions in various types of employment. In addition, I inquire about the specific efforts made and the results obtained during the person's search for employment.

4. I have been involved in the ownership and operation of two sizeable employment agencies for thirty years. During that time, I have evaluated thousands of people and assisted them in finding both new and replacement employment. I have also learned to recognize those instances in which employment prospects are limited.

5. I have more than twenty years of experience as an employability expert and have testified as an employability expert throughout the country.

6. I have reviewed the Plaintiff's responses to document requests, interrogatories, and those portions of the Plaintiff's deposition which dealt with her employment and educational background and her attempts to find employment following her discharge by the College.

7. The plaintiff's responses to document requests, interrogatories and deposition questions are not sufficient to allow me to best evaluate how extensive her efforts were to find replacement employment. There are few specifics provided as to when the contacts were made nor are there any details provided as to the compensation sought or offered.

8. Insufficient information has been provided with regard to what sources and resources were either considered or actually utilized by the Plaintiff in her attempts to locate replacement employment to allow optimal evaluation. The Plaintiff's requirements as to compensation, working conditions, ancillary benefits and other details relating to what she considered to be acceptable employment are not well documented. These are areas that I would normally cover during an examination of the claimant.

9. From my examination, I will gain insight into the manner in which a job applicant presents herself to a potential employer. The job interview process is often critical as to whether an applicant is hired or even considered for employment by a potential employer. With over thirty years of experience in the employment field, placing people in all types of jobs, as well as the recruitment, interviewing and selection of my own employees, I believe that I am in a much better position to evaluate a person's employment prospects when I have had an opportunity to interview the persons.

10. I have no objection to counsel being present during the course of the interview. If the Court or the parties prefer it, the interview can be tape-recorded.

11. I will make my report available to Plaintiff's counsel in an expedited fashion and will make myself available for an expedited deposition.

I hereby that the foregoing statement made are true. I am aware that if any of the foregoing statements are willfully false, I am subject to punishment.

Signed under the pains and penalties of perjury this ___ day of April, 2007.

_____
Steve Miller

**STEVE MILLER**
The Miller Group-Employability Experts®
83 Stults Road
P.O. Box 229
Dayton, New Jersey 08810
www.millergroupexperts.com

Office: 609-395-1800
Fax: 609-395-0828

| | |
|---|---|
| **Services:** | The Miller Group-Employability Experts® provides expert witness reports and testimony pertaining to all areas of employability, including mitigation of damages and imputation of income. |
| **Legal areas:** | Mitigation of Damages, Matrimonial, Personal Injury, Gender and Race Discrimination (Title VII), Wrongful Discharge, Age Discrimination, ADA, FMLA, Sexual Harassment, National Origin. |
| **Experience:** | * Thirty-three years of experience evaluating and placing people in all areas of employment from entry-level clerical and warehouse positions to executive level positions, including chief financial officers of Fortune 500 corporations.<br>* More than twenty years of experience providing employability expert witness services. Preparation of thousands of expert reports and testimony throughout the country. |
| June 1993 to Present | **THE MILLER GROUP-EMPLOYABILITY EXPERTS®**<br>President |
| May 1989 to Present | **MILLER RESOURCES INTERNATIONAL, INC.**<br>(formerly Selective Personnel, Inc.)<br>Dayton, NJ<br><br>As President, I am responsible for the following divisions (employing between 800 and 1,000 employees): Miller Personnel, Miller Temporaries, The Scientific Division, Warehouse/Light Industrial Division, The Corporate Connection, The Accounting Connection, and The Accounting Temp Connection. |
| January 1975 to May 1989 | **SELECTIVE PERSONNEL, INC.**<br>East Brunswick, NJ<br><br>As owner of one of the largest full-service personnel agencies in the State of New Jersey, I was totally responsible for the following:<br>* Hiring, training and supervising a staff of 65, including but not limited to: 40 recruiters, administrative and support staff, accounting and finance, and data processing and operations.<br>* Overseeing 5 offices throughout the State of New Jersey.<br>* Responsible for contracts from $2.5 million to in excess of $50 million.<br>* Client presentations for new and existing businesses. |
| **Education:** | Temple University, Philadelphia, PA<br>BA, Major Sociology, January 1970 |
| **Publications:** | "The Employability Experts Speak", <u>Divorce Litigation</u>, November 1998<br>(co-authored with Beth Stefko) |