UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

MICHELLE BEEBE,

    Plaintiff,

v.

WILLIAMS COLLEGE,

    Defendant.

Civil Action No. 05-30182

**MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE OF COURT TO ALLOW AMENDED EXPERT DESIGNATION**

Defendant Williams College (the "College") seeks leave of the Court to amend its expert designation, made to Plaintiff Michelle Beebe ("Plaintiff") on April 27, 2007 pursuant to Fed. R. Civ. P. 26(a)(2). In place of Steve Miller, the College seeks leave of the Court to designate Nancy Segreve, MA, CRC of Occupational Resource Network, Inc., 305 North Main Street, Andover, MA 01810. Ms. Segreve is a vocational expert who will testify about the same matters for which the College originally designated Mr. Miller; that is, Plaintiff's attempts to secure other employment and about the existence of other employment that might have been available to her during the relevant time period. Counsel for the College notified Plaintiff's Counsel of this expert and provided him with her curriculum vitae by fax on Thursday, May 3, 2007, less than one week after the Court's deadline for designating expert witnesses. The College's amended designation is harmless or, alternatively, substantially justified under Fed. R. Civ. P. 37(c)(1).

**FACTS**

On February 12, 2007, this Court issued a Scheduling Order that required the College to designate and disclose information regarding its trial experts pursuant to Fed.

R. Civ. P. 26(a)(2) by April 27, 2007. In addition to one other expert, on April 27 the College designated and disclosed the Curriculum Vitae of Steve Miller, a vocational expert who would testify as to Plaintiff's attempts to secure other employment and about the existence of other employment that might have been available to her during the relevant time period.

Prior to making this designation, on April 17 the College filed a Motion to Compel a vocational examination of Plaintiff by Mr. Miller, or alternatively a deposition in which Mr. Miller would be present, and sought an extension to produce his report until May 15. On May 1 the Court issued its Order on the Motion to Compel. The Order denied the request for a vocational examination, but allowed the College to reconvene the deposition of Plaintiff, not in the presence of Mr. Miller, for a set period of time on Plaintiff's mitigation efforts as they related to documents untimely produced by Plaintiff. The Order also extended until May 23 the time for the vocational expert to produce his report. The College now brings this Motion seeking to designate Nancy Segreve in place of Mr. Miller, without seeking any further extension in the deadline to produce the vocational expert's report.

**ARGUMENT**

The College seeks leave from the Court to designate Nancy Segreve in place of Steve Miller as its vocational expert, even though the deadline for designating experts has very recently passed. Allowing the College to designate this expert will have a harmless result on Plaintiff, and it is substantially justified. Rule 37(c)(1) allows a Court to impose an exclusionary sanction against parties who, "without substantial justification," fail to comply with the discovery rules, "unless such failure is harmless." Fed. R. Civ. P.

37(c)(1). Excepting "harmless" violations assists in "avoid[ing] unduly harsh penalties." Advisory Committee Notes to Fed. R. Civ. P. 37(c) (1993). Indeed, the "preclusion of expert testimony is a grave step, not to be undertaken lightly..." *Thibeault v. Square D Co.*, 960 F.2d 239, 247 (1st Cir. 1992). The key considerations of a preclusion inquiry are "mainly upon surprise and prejudice, including the opponent's ability to palliate the ill effects stemming from the late disclosure." *Id.* at 246.

The College's designation of Ms. Segreve less than one week after the deadline set forth in the Court's Scheduling Order of February 12 is harmless to Plaintiff. Plaintiff may not allege unfair surprise by this designation where Plaintiff has known for several months that her failure to mitigate any potential damages would be a hotly contested issue in this case and that, for more than one month, counsel for the College made clear its intent to retain a vocational expert. Ms. Segreve will testify as to the exact same subject matter as the expert designated by the College only one week ago.

Moreover, Plaintiff will not be materially prejudiced by the late designation. Plaintiff will have adequate opportunity to depose the new expert, inquire into the foundation for her opinion, assess her qualifications, and otherwise formulate a response. *See Ferrara & Dimercurio v. St. Paul Mercury Ins. Co.*, 240 F.3d 1, 10 (1st Cir. 2001). Here, Plaintiff still has the opportunity to depose Ms. Segreve as the deadline for expert depositions is not until June 20 and Plaintiff has not even noticed the deposition of Mr. Miller yet. Significantly, Plaintiff will have the same opportunity to analyze Ms. Segreve's report as she would have had to analyze a report from Mr. Miller given the Court's deadline of May 23 for the production of the vocational expert's report. Additionally, Plaintiff still may designate a rebuttal expert as the Court last month

allowed her Motion for Extension of Time to Name Rebuttal Expert, providing a designation deadline of May 16. According to the Court's May 1 Order, the deadline for the rebuttal expert's report is not until June 8. *See Downeast Ventures, LTD. v. Washington County*, 450 F. Supp. 2d 106, 1126 (D. Me. 2006) (allowing late designation where defendants had time to depose expert and designate opposing expert). Since at least April 27, the deadline for the College's expert designations, Plaintiff knew that the College had retained a vocational expert and she could have begun to identify a rebuttal expert on that issue.

    The College's request is easily distinguishable from those cases where courts in this Circuit have rejected late expert designations. First, the College is not attempting to designate an expert on the eve of trial or shortly before trial. No trial date has been set in this case yet. *Compare Beaudette v. Louisville Ladder, Inc.*, 462 F.3d 22, 27 (1st Cir. 2006) (affirming denial of motion to accept late expert designation submitted when trial was set to begin five weeks later), *with Ferrara & Dimercurio v. St. Paul Mercury Insurance Co.*, 240 F.3d 1, 9-10 (1st Cir. 2001) (allowing replacement designation made three months before trial).

    Second, the College notified Plaintiff's counsel of its intent to designate a different expert to testify on the same issue less than one week after the deadline to designate experts. This timely notification of a material change contrasts sharply with cases where the designation came several months after the deadline and where the other party had relied heavily on the original expert designation. *E.g. Primus v. United States*, 389 F.3d 231, 234 (1st Cir. 2004) (affirming denial of motion seeking to designate an expert three months after the deadline for designating experts and where government

prepared a summary judgment motion in reliance on disclosure of expert evidence).

Third, the College is not seeking an extension of time to produce the expert's report or other disruption to the Court's existing schedule for completing expert discovery. Plaintiff will receive Ms. Segreve's expert report by the deadline of May 23, as set by the Court in its May 1 Order.

And finally, the College should not be subject to the harsh sanction of excluding this newly designated expert, where none of the other considerations for applying such a sanction are present in this case. *Cf. Santiago-Diaz v. Laboratorio Clinico y De Referencia Del Este and Sara Lopez M.D.*, 456 F.3d 272, 274, 276 (1st Cir. 2006) (describing "persistent flouting of court orders and rules" and where filings were "consistently out of time"). The College has cooperated fully with Plaintiff in discovery and has strictly abided by all other deadlines for discovery, including promptly answering interrogatories and producing documents within six weeks, meeting the deadline agreed to in advance between counsel.

Alternatively, the College's request to designate a new expert to replace Mr. Miller is substantially justified under Fed. R. Civ. P. 37(c). On May 2, 2007, Mr. Miller informed counsel for the College that he would not serve as an expert in this case. No actions on the part of the College contributed to his decision. The College, however, has acted quickly to replace him, to notify opposing counsel of his replacement, and to minimize any disruption to ongoing expert discovery in this case. The College continues to believe that the Court will benefit from expert testimony on the Plaintiff's efforts to mitigate any potential damages.

For the foregoing reasons, the College respectfully requests that the Court grant its Motion.

REQUEST FOR ORAL ARGUMENT

The College respectfully requests a hearing on this Motion.

Respectfully submitted,<br>
Williams College<br>
By its attorneys,<br>
<br>
<br>
/s/ Patricia M. Higgins<br>
Judith A. Malone (BBO #316260)<br>
Patricia M. Higgins (BBO # 663318)<br>
EDWARDS ANGELL PALMER & DODGE LLP<br>
111 Huntington Avenue<br>
Boston, MA  02199-7613<br>
617.239.0100<br>
jmalone@eapdlaw.com<br>
phiggins@eapdlaw.com

Dated: May 4, 2007

CERTIFICATE OF SERVICE

I hereby certify that this document has been filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

/s/ Patricia M. Higgins