UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

MICHELLE BEEBE,

          Plaintiff,

    v.

WILLIAMS COLLEGE,

          Defendant.

Civil Action No.  05-30182

## DEFENDANT WILLIAMS COLLEGE'S PROPOSED JURY INSTRUCTIONS

Pursuant to Fed. R. Civ. P. 51 and the Procedural Order dated February 12, 2007,

Defendant Williams College ("Defendant") requests the following jury instructions in the event

that each of the Plaintiff's claims is submitted to the jury.  However, the Defendant does not

concede that all of Plaintiff Michelle Beebe's claims should be submitted to the jury, and intends

to seek judgment as a matter of law on at least one of the Plaintiff's claims.

Respectfully submitted,
Williams College
By its attorneys,


*/s/ Patricia M. Mullen*
Judith A. Malone (BBO #316260)
Patricia M. Mullen (BBO # 663318)
EDWARDS ANGELL PALMER & DODGE LLP
111 Huntington Avenue
Boston, MA  02199-7613
617.239.0100
jmalone@eapdlaw.com
pmullen@eapdlaw.com

Dated: June 15, 2007

## CERTIFICATE OF SERVICE

I hereby certify that this document has been filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

*/s/ Patricia M. Mullen*_____

## PROPOSED JURY INSTRUCTIONS – TABLE OF CONTENTS

Page

Proposed Instruction No. 1: General Introduction..........................................................................5

Proposed Instruction No. 2: The Evidence ...................................................................................6

Proposed Instruction No. 3: All Persons Equal Before the Law....................................................7

Proposed Instruction No. 4: Business Judgment Rule....................................................................8

Proposed Instruction No. 5: Sympathy and Emotion Irrelevant....................................................9

Proposed Instruction No. 6: Credibility of Witness.....................................................................10

Proposed Instruction No. 7: Direct and Circumstantial Evidence ..............................................11

Proposed Instruction No. 8: Effect of Prior Inconsistent Statements or Conduct .......................12

Proposed Instruction No. 9: Expert Witnesses ...........................................................................13

Proposed Instruction No. 10: Burden of Proof ...........................................................................14

Proposed Instruction No. 11: Multiple Claims ...........................................................................15

Proposed Instruction No. 12: At will Employment .....................................................................16

Proposed Instruction No. 13: Breach of Contract.......................................................................17

Proposed Instruction No. 14: Damages, Breach of Contract.......................................................18

Proposed Instruction No. 15: Plaintiff's breach..........................................................................19

Proposed Instruction No. 16: The FMLA, Generally ..................................................................20

Proposed Instruction No. 17: Denial of Request for Leave .........................................................21

Proposed Instruction No. 18: Denial of Request for Leave – Establishing Entitlement to Leave:
Serious Health Condition of Child.................................................................22

Proposed Instruction No. 19: Denial of Request for Leave – Establishing Entitlement to Leave:
Serious Health Condition of Employee .........................................................23

Proposed Instruction No. 20: Serious Health Condition..............................................................24

Proposed Instruction No. 21: Continuing Treatment ........................................................26

Proposed Instruction No. 22: Only Health Care Provider May Determine Incapacity ....................27

Proposed Instruction No. 23: Note from a Health Care Provider Not Determinative ......................28

Proposed Instruction No. 24: Needed to Care For ...........................................................29

Proposed Instruction No. 25: Appropriate Notice – Leave Unforeseeable ........................................30

Proposed Instruction No. 26: Appropriate Notice that Absence Is Potentially FMLA-qualifying ...31

Proposed Instruction No. 27: Medical Certification ........................................................32

Proposed Instruction No. 28: FMLA Discrimination – Elements of a Prima Facie Claim ..............33

Proposed Instruction No. 29: FMLA Discrimination – No Discrimination if Plaintiff Not
             Entitled to Leave ..............................................................................34

Proposed Instruction No. 30: FMLA Discrimination – Direct Versus Indirect Evidence ................35

Proposed Instruction No. 31: FMLA Discrimination – Legitimate Non-Discriminatory Reason.....36

Proposed Instruction No. 32: FMLA Discrimination - Pretext ...........................................37

Proposed Instruction No. 33: FMLA Discrimination – Method of Proving Pretext ......................38

Proposed Instruction No. 34: FMLA Discrimination – Mixed Motive .............................................39

Proposed Instruction No. 35: Consider Damages Only if Necessary ...............................................41

Proposed Instruction No. 36: Damages ......................................................................42

Proposed Instruction No. 37: Liquidated Damages – Good Faith Defense .......................................43

Proposed Instruction No. 38: Damages - Mitigation .......................................................44

Proposed Instruction No. 39: Duty to Deliberate...........................................................46

Proposed Instruction No. 40: Communications Between Court and Jury During Jury's
             Deliberations ..................................................................................47

## PROPOSED JURY INSTRUCTION, NO. 1

### General Introduction

Now that you have heard the evidence and the argument, it is my duty to instruct you about the applicable law. It is your duty to follow the law as I will state it and to apply it to the facts as you find them from the evidence in the case. Do not single out one instruction as stating the law, but consider the instructions as a whole. You are not to be concerned about the wisdom of any rule of law stated by me. You must follow and apply the law.

The lawyers have properly referred to some of the governing rules of law in their arguments. If there is any difference between the law stated by the lawyers and as stated in these instructions, you are governed by my instructions.

Nothing I say in these instructions indicates that I have any opinion about the facts. You, not I, have the duty to determine the facts.

You must perform your duties as jurors without bias or prejudice as to any party. The law does not permit you to be controlled by sympathy, prejudice, or public opinion. All parties expect that you will carefully and impartially consider all the evidence, follow the law as it is now being given to you, and reach a just verdict, regardless of the consequences.

**Source**:  3 O'Malley, Grenig & Lee, <u>Federal Jury Practice & Instructions</u>, § 103.01 (5th ed. 2000).

## PROPOSED JURY INSTRUCTION, NO. 2

### The Evidence

Unless you are otherwise instructed, the evidence in this case consists of the sworn testimony of the witnesses regardless of who called the witness, all exhibits received in evidence regardless of who may have produced them, and all facts and events that may have been admitted or stipulated and all facts and events that may have been judicially noticed.

Statements and arguments by the lawyers are not evidence.  The lawyers are not witnesses.  What they have said in their opening statement, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence.  However, when the lawyers on both sides stipulate or agree on the existence of a fact, you must, unless otherwise instructed by me, except the stipulation and regard that fact as proved.

I may take judicial notice of certain facts or events.  When I declare that I will take judicial notice of some fact or event, you must, unless otherwise instructed, except my declaration as evidence and regard as proved the fact or event which has been judicially noticed.

Any evidence to which I have sustained an objection and evidence that I have ordered stricken must be entirely disregarded.

**Source**:  3 O'Malley, Grenig & Lee, Federal Jury Practice & Instructions, § 103.30 (5th ed. 2000).

## PROPOSED JURY INSTRUCTION, NO. 3

### All Persons Equal Before the Law

The College is an educational institution, and as such, it may act only through natural persons as its agents or employees. In general, any agents or employees of an institution may bind the institution by their acts and declarations made while acting within the scope of their authority delegated to them by the institution or within the scope of their duties as employees of the institution.

You should consider and decide this case as a dispute between persons of equal standing in the community, of equal worth, and holding the same or similar stations in life. An educational institution, such as Williams College, is entitled to the same fair trial as a private individual. All persons, including an educational institution and other organizations, stand equal before the law, and are to be treated as equals.

**Source**: 3 O'Malley, Grenig & Lee, <u>Federal Jury Practice & Instructions</u>, §§ 103.12, 103.31 (5th ed. 2000).

## PROPOSED JURY INSTRUCTION, NO. 4

### Business Judgment Rule

You may not return a verdict for the Plaintiff just because you might disagree with the

College's decision to discharge the Plaintiff or believe the decision to be harsh or unreasonable.

Under the law, employers are entitled to make employment decisions for a good reason, for a bad

reason, or for no reason at all, so long as the decision is not motivated by unlawful retaliation.

You should not second-guess the College's decisions or substitute your judgment for theirs.

**Source**: Webber v. Int'l Paper Co., 417 F.3d 229, 238 (1st Cir. 2005); Rathbun v. Autozone,
Inc., 361 F.3d 62, 74 (1st Cir. 2004); Fennell v. First Step Designs, Ltd., 83 F.3d 526, 537 (1st
Cir. 1996); Mesnick v. Gen. Elec. Co., 950 F.2d 816, 825 (1st Cir. 1991).

## PROPOSED JURY INSTRUCTION, NO. 5

### Sympathy and Emotion Irrelevant

Under your oath as jurors you are not to be swayed by sympathy. You should be guided solely by the evidence presented during the trial. Jurors are expected to apply common sense and experience in making the findings essential to justice, but justice is not done if a juror simply places himself or herself in the position of an injured party. Our system demands of jurors a prudent, disinterested evaluation of the evidence, not an emotional identification with a party. Indeed, neither the rules of evidence nor other legal guidelines would have much meaning if subjective judgments were the tests for persuasion. Fairness to all parties is the duty of jurors, as well as judges, and that is difficult to achieve under the best of circumstances. And our best chance of realizing that high hope is through the application of uniform standards governing the admission of evidence and the rules which the jury must follow in considering it. A plea for sympathy is, in essence, an appeal to abandon such standards and, necessarily, it must be rejected.

**Source**:  4 Sand, Siffert, Reiss, Batterman, Modern Federal Jury Instructions (Civil), 71-10 (Matthew Bender, 3d ed.).

## PROPOSED JURY INSTRUCTION, NO. 6

### Credibility of Witnesses

You have had the opportunity to observe all the witnesses. It is now your job to decide how believable each witness was in his or her testimony. You are the sole judges of the credibility of each witness and of the importance of his or her testimony.

It must be clear to you by now that you are being called upon to resolve various factual issues raised by the parties in the face of very different pictures painted by both sides. In making these judgments, you should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, and any other matter in evidence which may help you decide the truth and the importance of each witness' testimony.

You should use all the tests for truthfulness that you would use in determining matters of importance to you in your everyday life. You should consider any bias or hostility the witness may have shown for or against any party as well as any interest the witness has in the outcome of the case. You should consider the opportunity the witness had to see, hear, and know the things about which he or she testified, the accuracy of his or her memory, candor or lack of candor, intelligence, the reasonableness and probability of the testimony and its consistency of lack of consistency and its corroboration or lack of corroboration with other credible testimony.

In other words, what you must try to do in deciding credibility is to size a witness up in light of his or her demeanor, the explanations given and all of the other evidence in the case. Always remember that you should use your common sense, your good judgment and your own life experience.


**Source**: 4 Sand, Siffert, Reiss, Batterman, <u>Modern Federal Jury Instructions (Civil),</u> 76-1 (Matthew Bender, 3d ed.).

## PROPOSED JURY INSTRUCTION, NO. 7

### Direct and Circumstantial Evidence

There are two types of evidence which you may properly use in reaching your verdict. One type of evidence is direct evidence. Direct evidence is when a witness testifies about something he or she knows by virtue of his own senses-- something he or she has seen, felt, touched, or heard. Direct evidence may also be in the form of an exhibit where the fact to be proved is its present existence or condition.

The other type of evidence, circumstantial evidence, is evidence which tends to prove a disputed fact by proof of other facts. There is a simple example of circumstantial evidence which is often used in this courthouse.

Assume that when you came into the courthouse this morning the sun was shining and it was a nice day. Assume that the courtroom blinds were drawn and you could not look outside. As you were sitting here, someone walked in with an umbrella which was dripping wet. Then a few minutes later another person also entered with a wet umbrella. Now, you cannot look outside of the courtroom and you cannot see whether or not it is raining. So you have no direct evidence of that fact. But on the combination of facts which I have asked you to assume, it would be reasonable and logical for you to conclude that it had been raining.

That is all there is to circumstantial evidence. You infer on the basis of reason and experience and common sense from one established fact the existence or non-existence of some other fact. Circumstantial evidence is of no less value than direct evidence; the law simply requires that your verdict must be based on a preponderance of all the evidence presented.

**Source**: 4 Sand, Siffert, Reiss, Batterman, Modern Federal Jury Instructions (Civil), 74-2 (Matthew Bender, 3d ed.).

## PROPOSED JURY INSTRUCTION, NO. 8

### Effect of Prior Inconsistent Statements or Conduct

Evidence that, at some other time while not under oath, a witness who is not a party to this action has said or done something inconsistent with the witness's testimony at the trial, may be considered for the sole purpose of judging the credibility of the witness. However, such evidence may never be considered as evidence of proof of the truth of any such statement.

Where the witness is a party to the case, and by such statement or other conduct admits some fact or facts against witness's interest, then such statement or other conduct, if knowingly made or done, may be considered as evidence of the truth of the fact or facts so admitted by such party, as well as for the purpose of judging the credibility of the party as a witness.

An act or omission is "knowingly" done, if done voluntarily and intentionally, and not because of mistake or accident or other innocent reason.

**Source**: 3 O'Malley, Grenig & Lee, <u>Federal Jury Practice & Instructions</u>, § 105.09 (5th ed. 2000).

## PROPOSED JURY INSTRUCTION, NO. 9

### Expert Witnesses

The rules of evidence ordinarily do not permit witnesses to testify as to opinions or conclusions. An exception to this rule exists for "expert witnesses." An expert witness is a person who, by education and experience, has become expert in some art, science, profession, or calling. Expert witnesses may state their opinions as to matters in which they profess to be expert, and may also state their reasons for their opinions.

You should consider each expert opinion received in evidence in this case, and give it such weight as you think it deserves. If you should decide that the opinion of an expert witness is not based upon sufficient education and experience, or if you should conclude that the reasons given in support of the opinion, are not sound, or if you feel that it is outweighed by other evidence, you may disregard the opinion entirely.

**Source**:  3 O'Malley, Grenig & Lee, Federal Jury Practice & Instructions, § 104.40 (5th ed. 2000).

## PROPOSED JURY INSTRUCTION, NO. 10

### Burden of Proof

Plaintiff has the burden to prove every essential element of her claims by a preponderance of the evidence. If she should fail to establish any element of her claim by a preponderance of the evidence, you should find for the College as to that claim.

"Established by a preponderance of the evidence" means to prove that something is more likely so than not so. In other words, a preponderance of the evidence means such evidence as, when considered and compared with the evidence opposed to it, has more convincing force, and produces in your minds' belief that which is sought to be proved is more likely true than not true.

In determining whether any fact in issue has been proved by a preponderance of the evidence, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

**Source**: 3 O'Malley, Grenig & Lee, <u>Federal Jury Practice & Instructions</u>, § 104.01 (5th ed. 2000).

## PROPOSED JURY INSTRUCTION, NO. 11

### Multiple Claims

Since Plaintiff is asserting more than one claim in this case, you should consider each claim separately.

**Source**:  Eleventh Circuit Pattern Jury Instructions: Civil Cases Basic Instruction No. 6.2 (2000).

## PROPOSED JURY INSTRUCTION, NO. 12

### At-will Employment

Under Massachusetts law, in the absence of a specific contract, every employment relationship is "at will." This means that the Plaintiff was free to terminate her employment relationship with the College at any time. Similarly, the College also was entitled to terminate the Plaintiff for any reason or for no reason, provided only that the reason is not otherwise prohibited by law.

In this case the Plaintiff contends that she was not an employee at will because she entered an implied contract based on the College's employee handbook. The Plaintiff contends that the handbook limited the manner in which she could be discharged. An implied contract can be shown to exist from the circumstances of the case, such as the language of the handbook, the power to modify provisions in the Handbook, the existence or absence of a specific term or duration of employment and whether there is any evidence of negotiation between the parties as to the terms ultimately included in the Handbook.

**Sources:** <u>Jackson v. Action for Boston Community Development</u>, 403 Mass. 8, 9 (1988); *Ferguson v. Host Int'l, Inc.*, 757 N.E.2d 267, 272 (Mass. App. Ct. 2001); *O'Brien v. New England Tel. & Tel. Co.*, 664 N.E.2d 843, 847-48 (Mass. 1996).

## PROPOSED JURY INSTRUCTION, NO. 13

### Breach of Contract

Plaintiff alleges that an employment contract existed between her and the College, the terms of which are reflected in the College's employee handbook. She further claims that the College breached this contract by not designating certain of her absences as Family Medical Leave. The College denies that any employment contract existed. It also states that it followed the policies set forth in the handbook.

In order for the Plaintiff to recover on her claim for breach of contract, she has the burden of proving each of the following propositions by a preponderance of the evidence:

(1) The College's employee handbook qualifies as a contract;

(2) The employee handbook contains provisions concerning family medical leave;

(3) The College did not perform one of its obligations under this family medical leave provision; and

(4) The College's action caused Plaintiff to suffer damages.

**Source:** O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, §§ 126.60-126.62 (2000).

## PROPOSED JURY INSTRUCTION, NO. 14

### Damages, Breach of Contract

If you find that the parties had a legally-binding contract and that the College breached a

term of that contract, your verdict will be in favor of the Plaintiff, and you must also go on to

determine the amount of the damages. Please understand that by instructing you on damages I

am not suggesting how you ought to decide this case; that is your responsibility. I am only

informing you as to what the law is with regard to calculating damages in the event that you get

to that point.

If the College breached the contract, you are to award the Plaintiff an amount of money

that will put the Plaintiff in as good a position as she would have been in if the College had fully

performed all of its obligations under the contract. The Plaintiff is not entitled to be

compensated for any mental anxiety, emotional distress or disappointment because of a breach of

contract. The Plaintiff has the burden of proving the amount of her damages.

**Source**: Model Jury Instructions for Use in the District Court, Civil Instructions, Vol. II, § 7.01 (Mass. Continuing Legal Education, Inc. 1995).

## PROPOSED JURY INSTRUCTION, NO. 15

### Plaintiff's breach.

Ordinarily a Plaintiff may not recover for breach of contract if she as well as the College have breached their contract, unless the Plaintiff has substantially performed her obligations under the contract, and any departure from the terms of the contract is so minor or trifling as to be insignificant.

**Source**: Model Jury Instructions for Use in the District Court, Civil Instructions, Vol. II, § 7.01 (Mass. Continuing Legal Education, Inc. 1995).

## PROPOSED JURY INSTRUCTION, NO. 16

### The FMLA, Generally

This case arises under the Family and Medical Leave Act ("FMLA"). This federal law provides eligible employees the right to take up to twelve weeks of unpaid leave per year in certain situations, including to care for themselves or an immediate family member with a "serious health condition" as defined by the law. After the period of qualified leave expires, the employee generally is entitled to be reinstated to the former position or an equivalent one with the same benefits and terms of employment that existed before the employee took leave.

To insure the availability of these guarantees, the FMLA declares that it is unlawful for any employer to interfere with, restrain or deny the exercise of or the attempt to exercise, any right provided by the FMLA. The FMLA also protects employees in the event they are discriminated against for exercising their rights under the FMLA. The FMLA prohibits action by an employer to discriminate or to retaliate against an employee for the exercise of rights created by the FMLA.

**Source**: 3C O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, § 179.10 (2002 Pocket Part re FMLA cases).

## PROPOSED JURY INSTRUCTION, NO. 17

### Denial of Request for Leave

Plaintiff has alleged that she was deprived of a right guaranteed under the FMLA. She

must therefore demonstrate by a preponderance of the evidence that she was entitled to the right

that was allegedly deprived.

**Source**: Todd J. McNamara and J. Alfred Southerland, <u>Federal Employment Jury Instructions</u> §
8:230 (6th rev. 2006).

## PROPOSED JURY INSTRUCTION, NO. 18

### Denial of Request for Leave- Establishing Entitlement to Leave:
### Serious Health Condition of Child

In order for the Plaintiff to maintain a FMLA claim based on the need to care for a child with a serious health condition, she must prove all of the following elements by a preponderance of the evidence:

1. Plaintiff was eligible for leave;

2. Plaintiff's child had an illness;

3. the illness was a serious health condition as defined by the FMLA;

4. Plaintiff was needed to care for her child;

5. Plaintiff was absent from work or requested leave to care for her child; and

6. Plaintiff gave the College appropriate notice of her need to be absent from work.

**Source**: 4 Sand, Siffert, Reiss, Batterman, <u>Modern Federal Jury Instructions</u> (Civil), 88-101 (Matthew Bender, 3d ed.) (modified).

**PROPOSED JURY INSTRUCTION, NO. 19**

**Denial of Request for Leave- Establishing Entitlement to Leave:**
**Serious Health Condition of Employee**

In order for the Plaintiff to maintain a FMLA claim based on her absence in July 2003, she must prove all of the following elements by a preponderance of the evidence:

    1. Plaintiff was eligible for leave;

    2. Plaintiff had an illness;

    3. The illness was a serious health condition as defined by the FMLA;

    4. Plaintiff was absent from work or requested leave because of the serious health condition; and

    5. Plaintiff gave the College appropriate notice of her need to be absent from work.

**Source**: 4 Sand, Siffert, Reiss, Batterman, <u>Modern Federal Jury Instructions</u> (Civil), 88-101 (Matthew Bender, 3d ed.) (modified).

## PROPOSED JURY INSTRUCTION, NO. 20

### Serious Health Condition

The phrase "serious health condition" as used in these instructions means an illness, injury, impairment, or physical or mental condition that involves:

*Inpatient care* (for example, an overnight stay) in a hospital, hospice, or residential medical care facility, including any period of incapacity (inability to work, attend school or perform other regular daily activities), or any subsequent treatment in connection with the inpatient care);

OR

*Incapacity plus treatment,* which means a period of incapacity (inability to work, attend school or perform other regular daily activities) of *more than* three consecutive calendar days, including any subsequent treatment or period of incapacity relating to the same condition, plus:

1) Treatment two or more times by a health care provider, by a nurse or physician's assistant under direct supervision of a health care provider, or by a provider of health services (for example, a physical therapist) under orders of, or on referral by, a health care provider; or

2) Treatment by a health care provider on at least one occasion which results in a regimen of continuing treatment under the supervision of the health care provider.

The term serious health condition is not intended to cover short-term conditions for which treatment and recovery are very brief. It is expected that such conditions will fall within even the most modest sick leave policies.

**Source**: 4 Sand, Siffert, Reiss, Batterman, <u>Modern Federal Jury Instructions</u> (Civil), 88-132 (Matthew Bender, 3d ed.); <u>Brown v. Seven Seventeen HB Phila. Corp.,</u> No. 01-1741, 2002 U.S. Dist. LEXIS 15066, at *6 n. 5 (Aug. 8, 2002 E.D. Penn.), <u>quoting</u> S. Rep. No. 3-103 (1993), <u>reprinted</u> <u>in</u> 1993 U.S.C.C.A.N. 3, at 30-31.

## PROPOSED JURY INSTRUCTION, NO. 21

### Continuing Treatment

Treatment that consists of taking over-the-counter medications such as aspirin, antihistamines, or salves; or bed-rest, drinking fluids, exercise, and other similar activities that can be initiated without a visit to a health care provider, is not sufficient to constitute a regimen of continuing treatment for purposes of FMLA leave.

**Source**: 29 C.F.R. § 825.114(b).

## PROPOSED JURY INSTRUCTION, NO. 22

### Only Health Care Provider May Determine Incapacity

Only a health care provider may make the determination whether or not Plaintiff or one of her children was incapacitated -- that is, whether Plaintiff or one of her children was unable to attend work, school or engage in other routine daily activities for more than three consecutive calendar days. An employee's own judgment concerning incapacity is insufficient. A health care provider must have determined that, in his or her professional medical judgment, Plaintiff or one of her children was incapacitated because of illness. Under the FMLA, the only relevant opinion about whether the child was incapacitated or whether Plaintiff was able to work belongs to Plaintiff's health care provider, not to Plaintiff.

**Source**: 29 C.F.R. § 825.114(a); Brown v. Seven Seventeen HB Phila. Corp., No. 01-1741, 2002 U.S. Dist. LEXIS 15066, at *6 n. 5 (Aug. 8, 2002 E.D. Pa.); Olsen v. Ohio Edison Co., 979 F. Supp. 1159, 1166 (N.D. Ohio 1997); Bond v. Abbott Lab., 7 F. Supp. 2d 967, 974 (N.D. Ohio 1998); Bell v. Store, 83 F. Supp. 2d 951, 959 (N.D. Ill. 2000); Austin v. Haaker, 76 F. Supp. 2d 1213, 1221 (D. Kan. 1999); Joslin v. Rockwell Int'l Corp., 8 F. Supp. 2d 1158, 1160-61 (N.D. Iowa 1998).

## PROPOSED JURY INSTRUCTION, NO. 23

### Note from a Health Care Provider Not Determinative

A note signed by an employee's health care provider excusing the employee from work due to illness carries only an inference that the period of absence was medically necessary. An employer may offer evidence to contradict that inference, *i.e.* to show that the employee was not incapacitated for the period and was in fact capable of working.

**Source**: *Hodgens v. General Dynamics Corp.*, 144 F.3d 151, 163 (1st Cir. 1998).

## PROPOSED JURY INSTRUCTION, NO. 24

### Needed to Care For

An employee is "needed to care for" a spouse, son, daughter or parent with a serious health condition when the family member is unable to care for his or her own basic medical, hygienic or nutritional needs or safety; or is unable to transport himself or herself to the doctor. "Needed to care for" includes situations where the employee may be needed to fill in for others who are caring for the family member. Generally speaking, at one time, only one parent is "needed to care for" a child with a serious health condition.

**Source**:  3C O'Malley, Grenig & Lee, Federal Jury Practice & Instructions, § 179.30 (5th ed. 2000).

## PROPOSED JURY INSTRUCTION, NO. 25

### Appropriate Notice – Leave Unforeseeable

"Appropriate notice" as used in these instructions means that Plaintiff must have notified the College of Plaintiff's need for leave as soon as practicable after Plaintiff learned of the need to take leave.

**Source**:  3C O'Malley, Grenig & Lee, <u>Federal Jury Practice & Instructions</u>, § 179.35 (5th ed. 2000); 29 C.F.R. § 825.303(a) ("as soon as practicable").

**PROPOSED JURY INSTRUCTION, NO. 26**

**Appropriate Notice that Absence Is Potentially FMLA-qualifying**

Before an employee is entitled to FMLA protection, the employee must tell the employer

the reason why she must be absent from work. An employee must provide the employer with

notice sufficient to make the employer aware that her absence is due to a potentially FMLA-

qualifying reason. The critical question is whether the information imparted to the employer is

sufficient to reasonably apprise it of the employee's request to take time off for a serious health

condition. Simply informing the employer that the employee was sick or in the hospital, without

giving any indication that the illness might be FMLA-qualifying, is insufficient.

**Source**: See Szabo v. Trustee of Boston University, No. 96-10806, 1998 WL 151272, at *5 (D. Mass. Mar. 18, 1996); Brannon v. Oshkosh B'Gosh, Inc., 897 F. Supp. 1028 (M.D.Tenn. 1995); Gay v. Gilman Paper Co., 125 F.3d 1432, 1436 (11th Cir. 1997).; Woods v. DaimlerChrysler Corp., 409 F.3d 984, 991 (8th Cir. 2005).

## PROPOSED JURY INSTRUCTION, NO. 27

### Medical Certification

An employer has the right under the FMLA to require that an employee support her request for leave with medical certification. In general the employer must request certification at the time the employee gives notice. Once requested, the employee must provide a copy of such certification to the employer. The employer must allow the employee at least fifteen calendar days after the request to comply.

Source: 29 U.S.C. § 2613(a); 29 C.F.R. 825.305.

## PROPOSED JURY INSTRUCTION, NO. 28

### FMLA Discrimination - Elements Of A Prima Facie Claim

Plaintiff has alleged that she was disciplined and eventually terminated because she took time off that she alleges was protected under the FMLA.

To state a prima facie case of discrimination under the FMLA, a plaintiff must prove by a preponderance of the evidence that:

1. Plaintiff engaged in an FMLA protected activity;

2. The College took an adverse employment action against Plaintiff; and

3. A causal connection exists between the protected activity and adverse employment action.

**Source**:  Todd J. McNamara and J. Alfred Southerland, Federal Employment Jury Instructions § 8:660 (6th rev. 2006); see McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973).

### PROPOSED JURY INSTRUCTION, NO. 29

**FMLA Discrimination - No Discrimination if Plaintiff Not Entitled to Leave**

If neither Plaintiff nor one of her children suffered from an illness qualifying as a serious health condition during the relevant time period under the FMLA, then Plaintiff's claim for discrimination is barred for failure to establish any protected activity.

If Plaintiff did not provide appropriate notice for each absence that she claims was as a result of a serious health condition, then Plaintiff's claim for discrimination is barred for failure to establish any protected activity.

If Plaintiff did not obtain a medical certification for more than fifteen days after the College requested one, then Plaintiff's claim for discrimination is barred for failure to establish any protected activity.


**Source**: 29 U.S.C. § 2613(a); 29 C.F.R. 825.305; See Szabo v. Trustee of Boston University, No. 96-10806, 1998 WL 151272, at *5 (D. Mass. Mar. 18, 1996); Brannon v. Oshkosh B'Gosh, Inc., 897 F. Supp. 1028 (M.D.Tenn. 1995); Gay v. Gilman Paper Co., 125 F.3d 1432, 1436 (11th Cir. 1997).; Woods v. DaimlerChrysler Corp., 409 F.3d 984, 991 (8th Cir. 2005); .Lockhart v. Home Interiors & Gifts, Inc., No. 04-cv-301, 2006 U.S. Dist. LEXIS 21895, at *16 (E.D. Tex. Mar. 29, 2006); Ruiz v. Ostbye & Anderson, Inc., No.Civ.02-2954, 2004 U.S. Dist. LEXIS 19890, at *16 (D. Minn. Sept. 24, 2004); Evans v. Henderson, No. 99 C 8332, 2001 U.S. Dist. LEXIS 962, at *7 (N.D. Ill. Feb. 5, 2001).

## PROPOSED JURY INSTRUCTION, NO. 30

### FMLA Discrimination - Direct versus Indirect Evidence

To prevail on a claim of discrimination or retaliation under the FMLA, Plaintiff must prove by a preponderance of the evidence that the College had a reason or motive to discriminate against her when it terminated her. Plaintiff must prove, either directly or indirectly, that the College engaged in intentional discrimination.

Direct evidence of discrimination is evidence of remarks or actions that, if believed, would directly prove that any FMLA protected leave taken by Plaintiff was a motivating factor in the College's treatment of Plaintiff.

Indirect or circumstantial evidence would include proof of a set of circumstances that would allow one to reasonably believe that any FMLA protected leave taken by Plaintiff was a motivating factor in the College's treatment of plaintiff.

**Source**: Todd J. McNamara and J. Alfred Southerland, <u>Federal Employment Jury Instructions</u> § 8:630 (6th rev. 2006); <u>see</u> <u>McDonnell Douglas Corp. v. Green,</u> 411 U.S. 792 (1973).

## PROPOSED JURY INSTRUCTION, NO. 31

### FMLA Discrimination - Legitimate Non-Discriminatory Reason

A legitimate, nondiscriminatory reason is any reason or explanation unrelated to Plaintiff's FMLA activity. In considering the legitimate, nondiscriminatory reason stated by the College for its decision, you are not to second-guess that decision or to otherwise substitute your judgment for that of the College.

In this case, the ultimate burden of persuading you, the jury, that the College intentionally discriminated against Plaintiff because of any FMLA protected leave taken by her remains at all times with Plaintiff. The College is therefore not required to prove that its decision was actually motivated by the stated legitimate, nondiscriminatory reason.

**Source**: Todd J. McNamara and J. Alfred Southerland, <u>Federal Employment Jury Instructions</u> § 8:720 (6th rev. 2006).

## PROPOSED JURY INSTRUCTION, NO. 32

### FMLA Discrimination - Pretext

It is Plaintiff's ultimate burden to prove that the College intentionally discriminated against her. If you disbelieve the College's stated reasons for its decisions and believe that the real reasons for the College's decisions were discrimination or retaliation, you should find for Plaintiff. However, if you believe that the College's stated reasons for its decisions are true, you should find for the College.

**Source**:  Todd J. McNamara and J. Alfred Southerland, Federal Employment Jury Instructions § 8:730 (6th rev. 2006); Reeves v. Sanderson Plumbing Products, Inc., 530 U.S. 133, 143-148 (2000); Texas Dept. of Community Affairs v. Burdine, 450 U.S. 248, 256 (1981).

## PROPOSED JURY INSTRUCTION, NO. 33

### FMLA Discrimination - Method of Proving Pretext

Plaintiff can attempt to prove pretext directly by persuading you by a preponderance of the evidence that any protected FMLA leave taken by Plaintiff was more likely the reason for the College's decision than the reason stated by the College.

Plaintiff also can attempt to prove that the College's stated reason for its decision to terminate her is a pretext by persuading you that it is just not believable. However, it is not enough for Plaintiff merely to prove that the College's stated reason for its decision was not the true reason. Plaintiff always must prove by a preponderance of the evidence that she was terminated because of any FMLA protected leave taken by her. Therefore, even if you decide that the College did not truly rely on the stated reason for its decision to terminate Plaintiff, you cannot decide in favor of Plaintiff without further evidence that FMLA leave was a motivating factor in the College's decision.

**Source**:  Todd J. McNamara and J. Alfred Southerland, <u>Federal Employment Jury Instructions</u> § 8:740 (6th rev. 2006).

## PROPOSED JURY INSTRUCTION, NO. 34

### FMLA Discrimination - Mixed Motive

Plaintiff accuses the College of discrimination in violation of federal law, the FMLA. Specifically, she claims that the College took adverse employment action against her because of a leave she took and which she claims was protected by the FMLA. To succeed on this claim, Plaintiff must prove, by a preponderance of the evidence, that her FMLA leave was a motivating factor in The College's decision to take an adverse employment action against her.

It is not your role to second guess the College's business judgment. Standing alone, honest errors in business judgment do not establish discrimination. Even if you were to decide that an adverse employment action was neither fair nor wise nor professionally handled, that would not be enough. In order to succeed on the discrimination claim, Plaintiff must persuade you, by a preponderance of the evidence, that were it not for FMLA discrimination, she would not have suffered any adverse employment action.

If you find that Plaintiff has not proven by a preponderance of the evidence that the College used any protected FMLA leave taken by Plaintiff in deciding to take any alleged adverse employment action, your verdict must be for the College.

But if you find that Plaintiff has proven by a preponderance of the evidence that any protected FMLA leave taken by Plaintiff was a motivating factor in the College's decision to take an adverse employment action, then the burden of proof shifts to the College to prove by a preponderance of the evidence that it would nevertheless have taken the same action even if it had not considered the allegedly protected leave taken by Plaintiff. If you find that the College has not met this burden of proof, your verdict will be for Plaintiff.

But, if you find that the College would have terminated Plaintiff's employment due to her

unexcused absences over the more than two years preceding her employment termination

regardless of any FMLA protected leave, you must find for the College.

I have prepared a special verdict form to assist you in addressing these issues.

**Source**:  Todd J. McNamara and J. Alfred Southerland, <u>Federal Employment Jury Instructions</u> § 3:272 (5th rev. 2006) (modified).

## PROPOSED JURY INSTRUCTION, NO. 35

### Consider Damages Only If Necessary

If the Plaintiff has proven by a preponderance of the credible evidence that the College is liable on the Plaintiff's claim, then you must determine the damages to which the Plaintiff is entitled. However, you should not infer that the Plaintiff is entitled to recover damages merely because I am instructing you on the elements of damages. It is exclusively your function to decide upon liability, and I am instructing you on damages only so that you will have guidance should you decide that the Plaintiff is entitled to recovery.

**Source**: 4 Sand, Siffert, Reiss, Batterman, <u>Modern Federal Jury Instructions (Civil)</u>, 77-1 (Matthew Bender, 3d ed.)

## PROPOSED JURY INSTRUCTION, NO. 36

### Damages

If you find in favor of Plaintiff then you must award the Plaintiff the amount of any wages, salary, and employment benefits Plaintiff would have earned in her employment with the College if she had not been discharged on August 4, 2003 through the date of your verdict, minus the amount of earnings and benefits from other employment received by Plaintiff during that time and the amount that Plaintiff could have earned during that time if she had engaged in a reasonable job search.

Remember, throughout your deliberations, you must not award damages under this Instruction by way of punishment or through sympathy.

**Source**:  4 Sand, Siffert, Reiss, Batterman, Modern Federal Jury Instructions (Civil), 88-150 (Matthew Bender, 3d ed.); Johnson v. Spencer Press of Me., Inc., 364 F.3d 368, 379 (1st Cir. 2004).

## PROPOSED JURY INSTRUCTION, NO. 37

### Liquidated Damages - Good Faith Defense

If you find in favor of the Plaintiff, then you must decide whether the College acted in good faith. You must find that the College acted in good faith if you find by a preponderance of the evidence that when the College decided to terminate Plaintiff's employment, the College reasonably believed that its actions complied with the Family and Medical Leave Act.

**Source**:  4 Sand, Siffert, Reiss, Batterman, <u>Modern Federal Jury Instructions (Civil)</u>, 88-151 (Matthew Bender, 3d ed.).

## PROPOSED JURY INSTRUCTION, NO. 38

### Damages - Mitigation

Plaintiff must make every reasonable effort to minimize or reduce her damages for loss of compensation by seeking employment. This is referred to as "mitigation of damages."

If you determine that Plaintiff is entitled to damages, you must reduce these damages by:

1. What Plaintiff earned; and

2. What Plaintiff could have earned by reasonable effort during the period from Plaintiff's discharge until the date of trial.

Plaintiff must search diligently for and accept employment that is "of a like nature." In determining whether Plaintiff has made a diligent search for employment and accepted employment that is "of a like nature," you may consider Plaintiff's education, training, work experience, and the nature of Plaintiff's work for the College and other previous employers, as well as the following qualities of potential jobs:

1. The type of work;

2. The hours worked;

3. The compensation;

4. The job security;

5. The working conditions; and

6. Other conditions of employment.

You must decide whether Plaintiff acted reasonably in not seeking or accepting a particular job. If you determine Plaintiff did not make reasonable efforts to obtain another similar job, you must decide what amount of her damages resulted from Plaintiff's failure to do so.

You must not compensate Plaintiff for any portion of Plaintiff's damages resulting from

Plaintiff's failure to make reasonable efforts to reduce Plaintiff's damages.

**Source**: 3C O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, § 179.61 (2002 Pocket Part re: FMLA cases) (modified).

## PROPOSED JURY INSTRUCTION, NO. 39

### Duty to Deliberate

Your verdict must represent the considered judgment of each of you.  In order to return a verdict, it is necessary that each juror agree.  Your verdict must be unanimous.

It is your duty, as jurors, to consult one another, and to deliberate with a view to reaching an agreement, if you can do so without disregard of individual judgments.  You must each decide the case for yourself, but only after an impartial consideration of the evidence in the case with your fellow jurors.  In the course of your deliberations, do not hesitate to re-examine your own views, and change your opinion, if convinced it is erroneous.  But do not surrender your honest conviction as to the weight or effect of evidence, solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times that you are not partisans.  You are judges -- judges of the facts.  Your sole interest is to seek the truth from the evidence in the case.

**Source**: 3 O'Malley, Grenig & Lee, Federal Jury Practice & Instructions, § 106.01 (5th ed. 2000).

## PROPOSED JURY INSTRUCTION, NO. 40

### Communications Between Court and Jury During Jury's Deliberations

If it becomes necessary during your deliberations to communicate with me, you may send a note by a bailiff, signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with me by any means other than a signed writing, and I will never communicate with any member of the jury on any subject touching the merits of the case otherwise than in writing, or orally here in open court.

You will note from the oath about to be taken by the bailiff, that they too, as well as all other persons, are forbidden to communicate in any way or manner with any member of the jury on any subject touching the merits of the case.

Bear in mind also that you are never to reveal to any person -- not even to me -- how the jury stands, numerically or otherwise, on the questions before you, until after you have reached the unanimous verdict.

**Source**: 3 O'Malley, Grenig & Lee, Federal Jury Practice & Instructions, § 106.08 (5th ed. 2000).