UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No.  05-30182-MAP

_____
                                         :
MICHELLE BEEBE,                          :
                   Plaintiff,            :
                                         :
v.                                       :
                                         :
WILLIAMS COLLEGE,                        :
                   Defendant.            :
_____ :


**<u>PLAINTIFF'S PROPOSED JURY INSTRUCTIONS</u>**

Pursuant to Fed. R. Civ. P. 51 and this Court's Final Scheduling Order, dated

June 22, 2007, the Plaintiff, Michelle Beebe, submits the following proposed jury

instructions.

                              Respectfully submitted,
                              THE PLAINTIFF, MICHELLE BEEBE,
                              By her attorney,

Dated: July 2, 2007           _____/s/ Thomas J. McCormick_____
                              Thomas J. McCormick, BBO# 561760
                              Heisler, Feldman, McCormick
                                   & Garrow, P.C.
                              1145 Main Street, Suite 508
                              Springfield, MA  01103
                              Ph. (413) 788-7988
                              Fax (413) 788-7996
                              tmccormick01060@yahoo.com

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic File (NEF).

_\_\_/s/ Thomas J. McCormick_____
Thomas J. McCormick

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 1**

**Findings by Congress and the Purpose of the Family Medical Leave Act (FMLA)**

Congress made findings that provided the basis for enacting the FMLA. Those findings were:

(1)    the number of single-parent households and two-parent households in which the single parent or both parents work is increasing significantly;

(2)    it is important for the development of children and the family unit that fathers and mothers be able to participate in early childrearing and the care of family members who have serious health conditions;

(3)    the lack of employment policies to accommodate working parents can force individuals to choose between job security and parenting;

(4)    there is inadequate job security for employees who have serious health conditions that prevent them from working for temporary periods;

(5)    due to the nature of the roles of men and women in our society, the primary responsibility for family caretaking often falls on women, and such responsibility affects the working lives of women more than it affects the working lives of men; and

(6)    employment standards that apply to one gender only have serious potential for encouraging employers to discriminate against employees and applicants for employment who are of that gender.

29 U.S.C. § 2601(a).

The FMLA is intended to allow employees to balance their work and family life by taking reasonable unpaid leave for medical reasons, for the birth or adoption of a child, and for the care of a child, spouse or parent who has a serious health condition. 29 C.F.R § 825.101(a).

The enactment of FMLA was predicated on two fundamental concerns – the needs of the American workforce, and the development of high-performance organizations.  Increasingly, America's children and elderly are dependent upon family members who must spend long hours at work.  When a family emergency arises, requiring workers to attend to seriously-ill children or parents, or to newly-born or adopted infants, or even to their own serious illness, workers need reassurance that they will not be asked to choose between continuing their employment, and meeting their personal and family obligations or tending to vital needs at home. 29 C.F.R. § 825.101(b).

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 2

### Interference with the Plaintiff's FMLA Rights

The FMLA makes it unlawful for any employer to interfere with, restrain, or deny . . . any rights provided by the FMLA. The Plaintiff has alleged that the Defendant interfered with her rights under the FMLA by not giving her leave for which she was qualified and for which she applied, and for terminating her from her job because she took FMLA-qualified leave.

To prevail on her claim, the Plaintiff must prove by a preponderance of the evidence five things. First, she must establish that she fit the definition of an eligible employee. Second, she must establish that she worked for an employer covered by the Act. Third, she must show that she qualified for FMLA benefits for one of four statutory reasons. Fourth, she must show that she gave her employer adequate notice. Fifth, she must establish that her employer denied her benefits to which she was entitled.

The parties have stipulated to the existence of the first two elements of the Plaintiff's claim.

With regard to the third element, the employee must establish either:

(1) that she had a serious health condition; or

(2) her child had a serious health condition and the employee was needed to care for the child.

I will define in the following instructions what "serious health condition" and "needed to care for" each mean.

With regard to the fourth element, I will give you guidance in the following instructions as to what is required for an employee to give the employer adequate notice.

With regard to the fifth element, if you find that the Plaintiff qualified for FMLA benefits and that she properly applied for them, then you must decide whether the Defendant denied the Plaintiff benefits under the Act to which she was entitled. One purpose of the FMLA is to prevent an employer from considering a FMLA-protected absence in any way as a factor in a firing decision. For example, an employer may not first count an absence, that is otherwise protected under the FMLA, as factor in disciplining an employee and then say that it was not <u>that</u> absence, but the "totality of the circumstances" that led to the firing. If you find that the Defendant negatively considered any of the Plaintiff's FMLA-protected absences in its decision to fire her, then you must find that the Defendant denied the Plaintiff benefits to which she was entitled.

<u>Wheeler v. Pioneer Developmental Services, Inc.</u>, 349 F.Supp.2d 158, 169 (D. Mass. 2004); <u>Bachelder v. AM. W. Airlines</u>, 259 F.3d 1112, 1125 (9th Cir. 2001); 29 C.F.R. 825.220(c); <u>Taylor v. Invacare Corporation</u>, 64 Fed. Appx. 516, 521, 2003 U.S. App. LEXIS 10318 (6th Cir. 2003)(unpublished decision).

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 3

### Foreseeable and Unforeseeable Leave

The FMLA covers leave the need for which is either foreseeable or unforeseeable. Foreseeable leave typically involves circumstances where the need for the leave can be anticipated, such as the expected birth of a child, the placement of a child for adoption or foster care, or the planned medical treatment for a serious health condition of the employee or of a family member.

The need for leave is unforeseeable when the approximate timing of the need for leave cannot be anticipated

29 C.F.R. §§ 825.302 and 825.303.

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 4

### Serious Health Condition

A "serious health condition" is an illness that involves:

(1)(a)   A period of incapacity of the Plaintiff or a family member requiring absence from work, school, or other regular daily activities, of more than three consecutive calendar days,

AND

(b)   That also involves continuing treatment by (or under the supervision of) a health care provider;

OR

(2)   Any period of incapacity or treatment for such incapacity by a health care provider (or under the supervision of) a health care provider for a chronic serious health condition that required periodic visits for treatment; that continues over an extended period of time including recurring episodes of a single underlying condition); and may cause episodic rather than a continuing period of incapacity (e.g. asthma, diabetes epilepsy, etc.). Absences due to this kind of incapacity qualify for FMLA leave even though the employee of the family member does not receive treatment from a health care provider during the absence and even if the absence does not last more than three days. For example, an employee with asthma may be unable to report for work due to the onset of an asthma attack or because the employee's health care provider has advised the employee to stay home when the pollen count exceeds a certain level.

29 C.F.R. § 825.114(a) and (e); <u>Hodgens v. General Dynamic Corp.</u>, 144 F.3d 151, 161-62 (1st Cir. 1997).

### PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 5

### Period of Incapacity

The period of incapacity of the Plaintiff of more than three consecutive days is a determination that only may be made by the Plaintiff's health care provider. If you find that total amount of time that the Plaintiff should not attend work during the last week of July, 2003, as determined by one or more of the Plaintiff's health care providers, was longer than the three-plus day period set by the law, then you must find that the Plaintiff was incapacitated for longer than three days.

Likewise, the period of incapacity of any of the Plaintiff's children of more than three consecutive days is a determination that only may be made by the children's health care provider. If you find that the total amount of time that a child should not attend day care during the period from 2000 through August 4, 2003, as determined by one or more of the family member's health care providers, was longer than the three-plus day period set by the law, then you must find that that child was incapacitated for longer than three days.

In addition, "incapacity" does not mean "unable to perform her work." It does not mean "too sick to work." An employee's absences from work are protected by the FMLA if they were required for the diagnosis and treatment of the medical condition or for recovery from the condition, as determined at the time of the illness by the employee's health care provider.

Employer may not substitute their personal judgments for the test in the regulations or the medical opinions of the health care providers of employees.

Hodgens v. General Dynamic Corp., 144 F.3d 151, 161-62 (1st Cir. 1997); Sims v. Alameda-Contra Costa Transit Dist., 2 F.Supp.2d 1253, 1261, 1262 (N.D.Cal. 1998)(quoting 60 Fed.Reg. 2180, 2235 (1995)).

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 6**

**Continuing Treatment by a Health Care Provider**


"Continuing treatment by a health care provider" means one or more of the following:

(1)     The Plaintiff or family member is treated two or more times for the injury or illness by a health care provider.  Normally, this would require visits to the health care provider or to a nurse or physician's assistant under direct supervision of the health care provider.

OR

(2)     The Plaintiff or family member is treated for the injury or illness by a health care provider on at least one occasion which results in a regimen of continuing treatment under the supervision of the health care provider – for example, a course of prescription mediation or therapy – to resolve the health condition.  An example of prescription medication would be an antibiotic.


29 C.F.R. § 825.114(b);  Hodgens v. General Dynamic Corp., 144 F.3d 151, 162 (1st Cir.1997).

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 7

**Treatment**

"Treatment" as used in the definition of a serious health condition includes (but is not limited to) examinations to determine if a serious health condition exists and evaluations of the condition.

29 C.F.R. § 825.114(b).

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 8

### Needed to Care For a Family Member

The phrase "needed to care for a family member" encompasses both physical and psychological care for that family member. It includes situations where, for example, a family member with a serious health condition is unable to care for his or her medical, hygienic, or nutritional needs, or is unable to transport himself or herself to the doctor, etc. The term also includes providing psychological comfort and reassurance which would be beneficial to a child, spouse or parent with a serious health condition who is receiving home care.

29 C.F.R. § 825.116(a) and (b).

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 9

### Plaintiff's Notice to Her Employer

When the approximate timing of the need for leave is not foreseeable, an employee should give notice to the employer that she will be absent under circumstances which indicate that the FMLA might apply. The notice must be given as soon as practicable under the facts and circumstances of the particular case. It is expected that an employee will give notice to the employer within no more than one or two working days of learning of the need for leave.

The employee should provide notice either in person or by telephone, telegraph, facsimile machine or other electronic means.

The employee need not expressly assert rights under the FMLA or even mention the FMLA, but need only state that leave for medical reasons is needed for herself or for the care of her children due to their illness. There are no magic words that must be said by the employee in requesting leave. It is enough that a reasonable person would understand that the request was for medical leave.

The employer is responsible for being aware that the absence may qualify for FMLA protection. The employer should inquire further of the employee if it is necessary to have more information about whether FMLA leave is being sought by the employee, and obtain the necessary details of the leave to be taken. In the case of medical conditions, the employer may find it necessary to inquire further to determine if the leave is because of a serious health condition. In such as case, it is the obligation of the employer to make the inquiry to determine whether the leave request is likely to be

covered by the FMLA.  It is not the employee's responsibility to provide further information after giving the initial notice.

If you find that the Plaintiff provided a note from Dr. Landes, on letterhead of the North Adams Regional Hospital, that stated that the Plaintiff was excused from work until July 31, 2003, that the note was provided to the employer on July 28, 2003, and that the Plaintiff was out of work sick since 1:00p.m., July 24, 3003, then you must find that the Plaintiff provided adequate notice to the employer of the need for leave.

Alternatively, if you find that the Plaintiff provided a note from Dr. Landes, on letterhead of the North Adams Regional Hospital, that stated that the Plaintiff was excused from work until July 31, 2003, that the note was provided to the employer on July 28, 2003, and that the Plaintiff was out of work sick since 1:00p.m., July 24, 3003, and that the Plaintiff provided a second note to the employer from Dr. Kober, on his office letterhead, that stated that the Plaintiff was excused from work until August 4, 2003, and that the second note was provided to the employer on or about July 30, 2003, then you must find that the Plaintiff provided adequate notice to the employer of her need for leave.

Bachelder v. AM. W. Airlines, 259 F.3d 1112, 1130-31 (9th Cir. 2001); 29 C.F.R. § 825.303; Wheeler v. Pioneer Developmental Services, Inc., 349 F.Supp.2d 158, 169 (D. Mass. 2004).

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 10

### The Employer Can Waive the Right to Challenge Whether the Leave Qualifies Under the FMLA

Once the employee provides notice to the employer of the need for leave, as I just explained to you, it is the obligation of the employer to make the inquiry to determine whether the leave request is likely to be covered by the FMLA. The employer has the right to make this inquiry and to request that the employee provide certification of the medical condition. To exercise this right, the employer must give written notice of a requirement for medical certification each time that the employer requires it, and must advise the employee of the anticipated consequences of the employee's failure to provide adequate certification. The employer must request certification within two days after leave commences. If the employer does not make this inquiry, thereby choosing not to exercise its rights, then it waives the right to challenge at trial whether the requested leave qualifies under the FMLA.

If you find that the Plaintiff provided adequate notice to the employer of the need for leave, and if you find that the employer in this case did not make further inquiry into the medical condition of the Plaintiff, that is, did not request that the Plaintiff provide further certification of her illness, then you must find that the requested leave qualified for protection under the FMLA.

Wheeler v. Pioneer Developmental Services, Inc., 349 F.Supp.2d 158, 169 (D. Mass. 2004);  Sims v. Alameda-Contra Costa Transit Dist., 2 F.Supp.2d 1253, 1261, 1262 (N.D.Cal. 1998).

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 11

### Damages – Back Pay

If you find in favor of the Plaintiff, then you must award the Plaintiff damages in the amount of any wages, salary, employment benefits, or other compensation denied or lost to such employee that she would have earned from the date of her termination on August 4, 2003 through the date of your verdict, less any amount of compensation she actually received.  This award is called back pay.

29 U.S.C. § 2617(1).

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 12

### Damages – Front Pay

If you find in favor of the Plaintiff, then you must award the Plaintiff damages in the amount of any wages, salary, employment benefits, or other compensation denied or lost to such employee that she would have earned from the date of your verdict through the point that the Plaintiff obtains substantially equivalent employment. This award is called front pay.

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 13

### Mitigation

The Plaintiff is presumed to be entitled to all of the back pay which has accrued from the date of termination to the entry of judgment in this case, so long as the Plaintiff has made some effort to secure other employment; that is to mitigate her damages. The same is true for front pay.

The Defendant has the burden to prove that the Plaintiff failed to mitigate her damages. If the Defendant proves that the Plaintiff has failed to mitigate her damages, then you may reduce the amount awarded to the Plaintiff for back and front pay.

To prove that the Plaintiff failed to mitigate her damages, the Defendant must show: (1) that substantially equivalent jobs were available, (2) that the jobs were in the relevant geographic area, and (3) that the Plaintiff failed to use reasonable diligence to secure such jobs.

Quint v. A.E. Staley Manufacturing, 172 F.3d 1 (1st Cir. 1999); Carey v. Mt. Desert Island Hospital, 156 F.3d 31 (1st Cir. 1997).

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 14

### Liquidated Damages

If you find for the Plaintiff, then you must award an additional amount as liquidated damages equal to the sum of back and front pay, unless the Defendant proves that its violations of the FMLA were both in good faith and that the Defendant had reasonable grounds for believing that its actions were not in violation of the FMLA. You must find that the Defendant acted unreasonably if it impermissibly counted one of the Plaintiff's FMLA-protected absences as a factor that lead to her firing.

Taylor v. Invacare Corporation, 64 Fed. Appx. 516, 521, 2003 U.S. App. LEXIS 10318 (6th Cir. 2003)(unpublished decision).

### PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 15

**Breach of Contract**


The Plaintiff contends that a contract existed between herself and the Defendant, based in part on the College's employment handbook, and that the Defendant breached that contract by not following the terms in the handbook when it failed to designate certain of her absences as qualified under the Family Medical Leave Act and when it terminated her employment.

To prevail on this claim, the Plaintiff has the burden to prove by a preponderance of the evidence that:

1.    A contract existed between the Plaintiff and Defendant based in part on the employment handbook;

2.    The handbook contains provisions concerning family medical leave;

3.    The Defendant failed to perform its obligations under the family medical leave provisions in the handbook; and

4.    The Plaintiff suffered damages.

If you find that the Plaintiff has proven these four things, then you must assess the amount of the Plaintiff's damages. The damages equal an amount of money that will put the Plaintiff in as good a position as she would have been had the Defendant fully performed its obligations. This measure of damages is called making the Plaintiff whole.

In this case, in awarding damages, you may consider the amount of both front pay and back pay that the Plaintiff has lost as a result of the Defendant's failure to perform its obligations. The Plaintiff has a duty to mitigate her damages.