UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No. 05-30182-MAP

MICHELLE BEEBE,
             Plaintiff,

v.

WILLIAMS COLLEGE,
             Defendant.

## PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE ANY TESTIMONY REGARDING ADVICE FROM COUNSEL AND SUPPORTING MEMORANDUM

Pursuant to this Court's Final Scheduling Order, dated June 22, 2007, the Plaintiff, Michelle Beebe, respectfully moves this Court in limine to exclude any testimony offered by the Defendant regarding advice that the Defendant or any of its employees may have received from counsel regarding the Family Medical Leave Act (FMLA).

The Defendant may offer testimony to the effect that the Defendant or its employees consulted with counsel and/or received advice from counsel with regard to the Defendants policies relating to the FMLA and implementing the FMLA in general, as well as the applicability of the FMLA to the absences that are in issue in this case. The Defendant may also offer this type of testimony as part of a good faith defense.

The Defendant should not be permitted to offer this kind of testimony because the Plaintiff attempted to inquire into this area during the deposition of Martha Tetrault, the Defendant's Human Resources Director, and was prevented from doing so by the

Defendant's counsel. Counsel instructed the witness not to answer questions that concerned what was said between the witness and counsel regarding the witnesses review of the FMLA with counsel and the administration of the FMLA in general and its administration in the Plaintiff's specific situation. Ms. Tetrault testified as follows:

Q. In your letter of September 18 –

. . .

Q. I'm going to direct your attention to the first page, second paragraph, in which you say: In addition – this is what you did to prepare for the grievance.

A. Mm-hmm.

Q. In addition, I have reread the college's Family Medical Leave Act policy, reviewed the law with legal counsel, and examined the administration of same, both in your, meaning Michelle's, specific situation and over all. Have I read that correctly?

A. Mm-hmm.

Q. And that says that you reviewed the law with counsel?

A. Mm-hmm.

Q. And is that with Miss Malone that you reviewed the law?

A. Yes.

Q. And that was in the time frame prior to the letter?

A. Yes.

Q. All right. I want to inquire about what the nature of those conversations were.

MS. MALONE: And we're going to object on attorney-client privilege grounds.

      MR. MCCORMICK:      All right.  And are you instructing her not to answer?

      MS. MALONE:      You bet.

Deposition of Martha Tetrault, dated February 1, 2007 at 143 – 144, a copy of which is attached as Exhibit 1.

      A party may not offer evidence of conversations and consultations with counsel at trial after preventing – by asserting the attorney-client privilege -- an opposing party from inquiring into the nature of the conversations and consultations during discovery.  "The privilege which protects attorney-client communications may not be used both as a sword and a shield."  Bittaker v. Woodford, 331 F.3d 715, 719 (9th Cir, 2003), quoted in Chevron Corp. v. Penzoil Co., 974 F.2d 1156, 1162 (9th Cir. 1992).

      "In practical terms, this means that parties in litigation may not abuse the privilege by asserting claims the opposing party cannot adequately dispute unless it has access to the privileged materials."  Id.  One consequence of this principle is that a party may impliedly waive the privilege if it insists on pursuing a claim or defense.  In the case at bar, the Defendant has chosen the opposite course.  By asserting the privilege and thereby preventing the Plaintiff from exploring the nature of the communications between client and counsel, the Defendant must give up any defense based on those communications.  Id. at 721 ("[T]he holder of the privilege may preserve the confidentiality of the privileged communications by choosing to abandon the claim that gives rise to the waiver condition.").  See Lyons v. Johnson, 415 F.2d 540, 541-42 (9th Cir. 1969)(affirming dismissal of plaintiff's complaint after she persisted in hiding

behind the privilege against self-incrimination by refusing to answer any deposition questions or to submit to discovery.).

For these reasons, the Plaintiff respectfully moves this Court to exclude any "advise-of-counsel" testimony that may be offered by the Defendant at trial.

                                        Respectfully submitted,
                                        THE PLAINTIFF, MICHELLE BEEBE,
                                        By her attorney,

Dated: July 2, 2007                      ____/s/ Thomas J. McCormick____
                                        Thomas J. McCormick, BBO# 561760
                                        Heisler, Feldman, McCormick
                                            & Garrow, P.C.
                                        1145 Main Street, Suite 508
                                        Springfield, MA  01103
                                        Ph. (413) 788-7988
                                        Fax (413) 788-7996
                                        tmccormick01060@yahoo.com

## CERTIFICATE OF SERVICE

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic File (NEF).

                                        __/s/ Thomas J. McCormick_____
                                              Thomas J. McCormick

EXHIBIT 1

```
 1   those in early July?
 2        A.   Yes.
 3        Q.   In your letter of September 18 --
 4             MS. MALONE:  Is that 7?
 5             MR. MCCORMICK:  7.
 6        Q.   (BY MR. MCCORMICK)  I'm going to
 7   direct your attention to the first page, second
 8   paragraph, in which you say:  In addition -- this
 9   is what you did to prepare for the grievance.
10        A.   Mm-hmm.
11        Q.   In addition, I have reread the
12   college's Family Medical Leave Act policy,
13   reviewed the law with legal counsel, and examined
14   the administration of same, both in your, meaning
15   Michelle's, specific situation and over all.
16   Have I read that correctly?
17        A.   Mm-hmm.
18        Q.   And that says that you reviewed the
19   law with counsel?
20        A.   Mm-hmm.
21        Q.   And is that with Miss Malone that you
22   reviewed the law?
23        A.   Yes.
24        Q.   And that was in the time frame prior
```

1  to the letter?
2     A.   Yes.
3     Q.   All right.  I want to inquire about
4  what the nature of those conversations were.
5          MS. MALONE:  And we're going to
6  object on attorney-client privilege grounds.
7          MR. MCCORMICK:  All right.  And
8  are you instructing her not to answer?
9          MS. MALONE:  You bet.
10         MR. MCCORMICK:  All right.
11    Q.   (BY MR. MCCORMICK)  The last area I
12 need to go over with you, Miss Tetrault, is with
13 regard to Michelle's benefits.  In your answers
14 to the interrogatories, question twenty-three,
15 you indicate what those benefits are.
16    A.   Mm-hmm.
17    Q.   And I'm trying to think of the
18 easiest way to do this.  All I want to ascertain
19 is that we have before us, ultimately, the value,
20 I need to know the dollar value of those
21 benefits, I don't need to know the math.  I just
22 want to make sure I understand what the dollar
23 value of all of her benefits are.  That I
24 understand what all of the benefits are and what