UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No. 05-30182-MAP

|  |  |
|---|---|
| MICHELLE BEEBE, | : |
|     Plaintiff, | : |
| v. | : |
| WILLIAMS COLLEGE, | : |
|     Defendant. | : |

**THE PLAINTIFF'S OPPOSITION TO THE DEFENDANT'S MOTION IN LIMINE NO. 1 (TO PRECLUDE ANY ARGUMENT OR EVIDENCE ON THE ISSUE OF COLLEGE TUITION FOR NICOLAS BOUCHER)**

The Plaintiff respectfully opposes the Defendant's Motion in Limine (No. 1) to preclude argument or evidence on the issue of college tuition for Nicolas Boucher. The Defendant asks the Court to exclude any evidence in support of a claim for college tuition "reimbursement" on behalf of her son.

As recited by the Defendant in its motion, the College offers its employees a Tuition Grant Benefit for eligible children of the employee. The benefit pays for some of the child's college tuition costs. Dr. Craig Moore, the Plaintiff's economic expert, factored in this benefit into his analysis of the economic losses suffered by the Plaintiff post--termination.

The Defendant states that the record to date shows that the Plaintiff has not suffered any compensable damages as a result of the loss of the tuition benefit in that it is undisputed that the Plaintiff's son, Nicolas Boucher, has not attended nor applied for college. The College complains that because there has not been a defined loss to date

that this benefit should be taken out of Dr. Moore's calculation of Ms. Beebe's economic losses. Additionally, the College takes issue with Dr. Moore's statement in his report that "[a]s a result [of the loss of the tuition benefit], [Nicolas] has not been able to afford to go to college and has had to go to work since graduating from high school." For the purposes of discussing this motion, the Plaintiff agrees that this conclusion is based solely on statements made to Dr. Moore by Ms. Beebe.

The value of the benefit is for the economist to decide. Dr. Moore valued the benefit at the full amount of the possible payment that the College could be asked to make. He based this valuation in part on the concept of opportunity cost. As Dr. Moore stated in his report:

> If, as a result of an illegal act, a person is deprived of the opportunity to earn a living, enjoy life, or anything else that would have been possible prior to that act, the resulting damages are equal to the cost of restoring the injured person's opportunity or providing what would have reasonably been the fruits of exercising it. In this case, Michelle Beebe lost the opportunity to earn a living . . . . and has lost substantial employee benefits including tuition for her oldest son. . . .
> Economic damages can be reasonably estimated and evaluated using methods that are regularly employed in economics and recognized by the courts. Damages should be equal to what a person would reasonably demand for giving up the opportunities they had prior to the illegal act.

Under this concept, Dr. Moore used the full value of the benefit in calculating Ms. Beebe's damages.

The College certainly may attempt to punch holes in the concept of opportunity costs, although it may be difficult for them to do so without the aid of an expert economist of their own. They may attempt to attack some of Dr. Moore's assumptions regarding the benefit. All such attacks would go to the weigh that the trier of fact decides

to give to Dr. Moore's testimony – it does not, nor should it, go to the admissibility of that testimony.

In addition, the Defendant unreasonably limits the "value" of the tuition benefit to a calculus of actual loss to date. There can be, so the argument goes, no loss unless Nicolas actually was admitted to a college. Once he applied to and was accepted at a college, one could then attempt to determine the value of the tuition benefit by analyzing the kind of financial aid package that Nicolas did get with the one he might have gotten had the tuition benefit been available.

This line of argument misses the point. Even if Nicolas had received a "generous" financial aid package without the tuition benefit, any package simply would have been more generous with the tuition benefit included, because it is a guaranteed benefit that is provided by the College regardless of what other aid is awarded by the destination school. Here, the Plaintiff does not dispute that to date, there has only been a potential loss. That is, if Nicolas were to go to college, at that time, both he and his mother would lose out on the savings that the tuition benefits offers. Until that time, the "value" of the loss is not precisely defined. Yet, the benefit is as real as a health insurance policy that provides an employee a hospitalization benefit that never may be used. Without the hospitalization benefit, the employee stands to be in a much worse financial position than with the benefit. The same conclusion holds with the tuition benefit.

Finally, the College takes issue with Dr. Moore's statement that as a result of the loss of the benefit, Nicolas cannot afford to go to school. This is a separate matter. Ms. Beebe would testify that she believes that it is true that Nicolas has not gone to college because of the unavailability of the tuition benefit. The truth of this proposition, however, bears on the value of the benefit only to the extent that Ms. Beebe believes that she would have made good use of the benefit had she remained employed by the College. The Plaintiff concedes that she is not seeking compensatory damages for the alleged loss to her son of not attending college. The loss is directed at her lost opportunity to use the tuition benefit to lessen the actual costs to her of paying for her son's college.

All of the College's concerns about evidence regarding the tuition benefit go to the weigh that the jury should accord to Dr. Moore's testimony in this regard, not to the admissibility of the testimony.

For these reasons, the Plaintiff respectfully requests this Court to deny the Defendant's Motion in Limine No. 1.

|  |  |
|---|---|
|  | Respectfully submitted,<br>THE PLAINTIFF, MICHELLE BEEBE,<br>By her attorney, |
| Dated: July 12, 2007 | ____/s/ Thomas J. McCormick____<br>Thomas J. McCormick, BBO# 561760<br>Heisler, Feldman, McCormick<br>    & Garrow, P.C.<br>1145 Main Street, Suite 508<br>Springfield, MA  01103<br>Ph. (413) 788-7988<br>Fax (413) 788-7996<br>tmccormick01060@yahoo.com |

5

## CERTIFICATE OF SERVICE

    I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic File (NEF).

                                                                       /s/ Thomas J. McCormick
                                                                         Thomas J. McCormick