UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No. 05-30182-MAP

|  |  |
|---|---|
| MICHELLE BEEBE, | : |
|           Plaintiff, | : |
|  | : |
| v. | : |
|  | : |
| WILLIAMS COLLEGE, | : |
|           Defendant. | : |

**THE PLAINTIFF'S OPPOSITION TO THE DEFENDANT'S MOTION IN LIMINE NO. 2 (TO PRECLUDE ANY EVIDENCE OR TESTIMONY FROM THE PALINTIFF'S ECONOMIC EXPERT ON THE ISSUE OF HIS VOCATIONAL ASSESSMENT OF THE PLAINTIFF)**

The Plaintiff respectfully opposes the Defendant's Motion in Limine (No. 2) to preclude evidence or testimony from the Plaintiff's economic expert on the issue of his vocational assessment of the Plaintiff. The Plaintiff intends to offer expert testimony from Dr. Moore, primarily regarding his analysis of the Plaintiff's economic damages. This part of Dr. Moore's anticipated testimony is not the subject of the present motion. In addition, the Plaintiff intends to offer testimony through Dr. Moore as to her earning capacity in light of the prevailing wages in the area.

As an initial matter, the Plaintiff disagrees with the Defendant's characterization of the latter part of Dr. Moore's testimony as a vocational assessment. A vocational assessment involves evaluating whether a person is suitable, or not, for various categories of jobs, in light of that person's physical abilities, education, training, skills, aptitude, and

employment history. The Plaintiff agrees that Dr. Moore is not qualified to conduct such an assessment.

What Dr. Moore has done is conduct an earning's capacity analysis based on the prevailing wage rates for various, given, occupations in the area. This is typical of the kind of analysis that economists do. In fact, Dr. Moore is better qualified than a vocational expert to opine about appropriate wage rates in given areas. His training in mathematics, statistics, and economics provides him with the ability not only to read the same tables used by Ms. Segreve but to read them critically and to be able to analysis and the assumptions that underlie the information in the tables. This ability allows Dr. Moore to identify which tables and other compilations of data provide the most accurate picture of the reality on the ground.

In this case, there is no argument about the categories of work for which Ms. Beebe is qualified; that is, there is not disagreement, viz a viz the experts, as to the College's employability expert, Ms. Segreve's, "assessment." She concludes that "[Ms. Beebe] has the work skills and physical capacity to perform work consistent with that which she was performing prior to her termination." Given Ms. Beebe's 12 years in food prep and over 2 years as a custodian at the College, the Plaintiff does not disagree, nor does Dr. Moore, with this rather obvious statement. It is the simplel product of common sense. Accordingly, both Ms. Segreve and Dr. Moore looked at prevailing wages for jobs that fall roughly into four categories: Janitors & Cleaners; Maids & Housekeepers; Food Preparation Workers; and Home Health Aides (the latter category is used by Dr. Segreve, no doubt, because Ms. Beebe worked as a home health aide for about one year after the College fired her).

In fact, as intimated above, Ms. Segreve hardly conducted a vocational assessment of Ms. Beebe. Indeed, the bulk of Ms. Segreve's report is devoted to an earnings capacity analysis based on the prevailing wages in the area. As stated above, this kind of analysis is solidly, if not more appropriately, within the bailiwick of an economist. If Ms. Segreve is qualified to opine regarding such an analysis, Dr. Moore certainly is qualified to do so.

Likewise, Dr. Moore is fully capable of opining about whether certain categories of jobs typically do not provide retirement benefits. Not only has Dr. Moore conducted many dozens of prevailing wages analyses, he was a member of the Massachusetts Labor Market Information Advisory Subcommittee established by the Department of Employment and Training (DET) and the Massachusetts Jobs Council from 1999 to 2003. He regularly consults with the DET. Until recently, he was the Chief Operating Officer of a local corporation. His economic expertise and business experience make him more than qualified to reach the above conclusion.

Finally, the College attacks Dr. Moore for being inconsistent. Although the Plaintiff certainly disagrees with this assessment, even if true, such a criticism goes only to the weight to be given to his testimony, not to its admissibility.

In sum, Dr. Moore should be permitted to testify about Ms. Beebe's earning capacity based on the prevailing wage rates for various, given, occupations in the area. He should also be permitted to testify as to the availability of benefits to employees in the categories of jobs at issue in this case. He has the knowledge and experience to reach this kind of conclusion.

Should the Defendant wish to challenge whether the Plaintiff has laid the proper groundwork for Dr. Moore to testify in any other particular area, the Defendant is free to object to specific testimony at during the trial and to conduct voir dire as the Court sees fit.

For these reasons, the Plaintiff respectfully requests this Court to deny the Defendant's Motion in Limine No. 2.

|  |  |
|---|---|
|  | Respectfully submitted,<br>THE PLAINTIFF, MICHELLE BEEBE,<br>By her attorney, |
| Dated: July 12, 2007 | ____/s/ Thomas J. McCormick____<br>Thomas J. McCormick, BBO# 561760<br>Heisler, Feldman, McCormick<br>    & Garrow, P.C.<br>1145 Main Street, Suite 508<br>Springfield, MA  01103<br>Ph. (413) 788-7988<br>Fax (413) 788-7996<br>tmccormick01060@yahoo.com |

CERTIFICATE OF SERVICE

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic File (NEF).

   /s/ Thomas J. McCormick_____
         Thomas J. McCormick

4