UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No. 05-30182-MAP

MICHELLE BEEBE,
              Plaintiff,

v.

WILLIAMS COLLEGE,
              Defendant.

**THE PLAINTIFF'S OPPOSITION TO THE DEFENDANT'S MOTION IN LIMINE NO. 6 (TO PRECLUDE ANY JURY INSTRUCTION, ARGUMENT, OR EVIDENCE ON THE ISSUE OF FRONT PAY)**

The Plaintiff respectfully opposes the Defendant's Motion in Limine (No. 6) to preclude any jury instruction, argument, or evidence on the issue of front pay. The College contends that Ms. Beebe is "precluded from receiving any award of front pay as she has totally failed to exercise reasonable diligence in searching for comparable employment" since her termination. Defendant's Motion in Limine No. 6 at 2. This motion should be denied because:

    1.    The facts as recited by the College do not support the conclusion that Ms. Beebe utterly failed to mitigate her damages.

    2.    The effort expended by Ms. Beebe in her job search and her other efforts at mitigation are hotly contested factual issues that are not amenable to resolution in the context of a motion for partial summary judgment, much less a motion in limine. The evidence on this issue has not been fully developed in the record to date. The issue of

whether Ms. Beebe utterly failed to conduct a job search must go to the trier of fact to be decided after all of the evidence is presented.

3.    Front pay is a remedy available to successful plaintiffs under the Family Medical Leave Act (FMLA).

4.    Front pay is an equitable remedy, but the Court has the discretion to put the issue to the jury.

These points are more fully discussed below.

<u>Legal Framework</u>

The College has the burden to prove that Ms. Beebe failed to mitigate her damages. <u>Quint v. A.E. Staley Mfg. Co.</u>, 172 F.3d 1, 15-16 (1st Cir. 1999). To meet this burden, the College must show "that (1) though substantially equivalent jobs were available in the relevant geographic area, (2) the claimant failed to use reasonable diligence to secure suitable employment." <u>Id.</u> at 16. "'Substantially equivalent employment' is that `employment which affords virtually identical promotional opportunities, compensation, job responsibilities, working conditions, and status as the position from which the . . . claimant has been . . . terminated.'" <u>Sellers v. Delgado College</u>, 902 F.2d 1189, 1193 (5th Cir. 1990). The determination of whether the employee used reasonable diligence to obtain substantially equivalent employment is a determination of fact. <u>Id.</u>; <u>Quint</u>, 172 F.3d at 15 (applying the abuse of discretion in reviewing the back-pay award).

Although the employer always retains the burden of proof, if it can show that the employee made no effort to secure employment, then the employer can be relieved of the burden of showing that substantially equivalent jobs existed and the court can reduce a

lost wages award. The First Circuit has made it very clear, however, that this "mitigation-defense exception" applies only in cases where the former employee was "completely idle," "sought no jobs," had "withdraw(n) from the job market" and therefore had "utterly failed" to mitigate her damages. Quint, 172 F.3d at 15-16. In Quint, because the employee literally made no attempt to obtain a job following her discharge, the Court applied the exception.

The Quint court went on to say, however, that "[a]s long as the claimant has made some effort to secure other employment, the burden to prove" both of the above elements resides with the employer.

The College has raised the mitigation-defense exception by the present motion, contends that it applies to this case, and that, as a result, Ms. Beebe's front pay damages should be cut off completely.

1. The Facts as Recited by the College Do Not Support the Conclusion That Ms. Beebe Utterly Failed to Mitigate Her Damages

Although the College cites to Quint in its motion, it goes on to ignore the standard set by the First Circuit for applying the mitigation-defense exception. Under the Quint test, it is clear that the exception does not apply to this case.

The facts admitted to by the College establish that Ms. Beebe at least made some effort to secure employment. In fact, she actually worked at several jobs, including her garden business, and has continued to this day with her job search. To benefit from the mitigation-defense exception, as the College seeks to do with this motion, it would have to show something that it admits is not present in this case – that Ms. Beebe was completely idle. Accordingly, the exception plainly does not apply in this case. The

College retains the burden to prove both elements of a mitigation defense: (1) that substantially equivalent employment existed in the relevant geographic area and (2) the claimant failed to use reasonable diligence to secure suitable employment.

The College's motion should be denied both because the exception does not apply here, and because the College does not address the first prong of its burden (it says that it is prepared to present evidence on this aspect, presumably at trial, if its motion is denied).

2.  <u>The Facts Are in Dispute; The Record Is Not Fully Developed</u>

Even if this Court does not apply the mitigation-defense exception test articulated in <u>Quint</u>, and instead concludes that the decision to award or withhold front pay turns simply on whether Ms. Beebe conducted a reasonable job search, that question is factual in nature, some of the facts are hotly contested, and other facts have not as yet been fully developed. As such, the issue is not amenable to resolution in the context of a motion in limine and must await until after all of the facts are in at the trial.

The College rests its argument that Ms. Beebe did not conduct a reasonable job search on two points: that Ms. Beebe has effectively abandoned her job search by working more than full-time at her garden business and that she has put in only a few job applications for work over the years. The inquiry into the reasonableness of Ms. Beebe's job search, however, does not begin and end just with these two issues. The availability of appropriate work, the commuting time to that appropriate work, the wages offered, and the manner in which Ms. Beebe conducted her search are all involved in a reasonableness analysis.

Regarding the College's first point, it is simply not true that Ms. Beebe has abandoned her job search for her gardening business. Obviously, the gardening business

4

is seasonal. She works more than full-time at it during the growing and harvesting season. She does not work any where near full-time at it during the other seasons. Even when she is working full-time at her gardening, she is as capable as anyone working full-time would be of looking for work at the same time. Full-time employment and looking for work are not mutually exclusive activities. Indeed, it is uncontroverted that Ms. Beebe actually obtained work as a hone health aide for a period of time since her termination. To conclude, therefore, as does the College, that Ms. Beebe never embarked on a real job search and/or has abandoned her job search because of her full-time gardening business, ignores obvious facts and places other facts in dispute; e.g. whether she continued to look for comparable employment. The trier of fact must be allowed to reach its or his own conclusions after hearing all of the evidence.

      The College also concludes that because Ms. Beebe did not submit many applications for jobs over the past few years, she must not have been conducting a reasonable search. Ms. Beebe will testify at trial that she did and continues to look for comparable jobs within a reasonable distance from her home. She will testify that she regularly looks at the want ads in local newspapers, including the Advocate. She will testify that she pays attention when she hears of possible work through the grapevine. She will testify that with precious few exceptions, the posted jobs have been outside of a reasonable commuting distance from her home, and so she did not apply for any of those jobs. She will testify that the few jobs posted over the years within a reasonable commuting distance were not comparable for any one of several reasons, including that they were part-time, they required odd working hours, or that she was not qualified for the position. She did not apply for jobs with the above defects. Finally, some of the jobs

paid minimum wage. She did not apply for these. The Plaintiff will strenuously argue that she has conducted and continues to conduct a reasonable search for comparable jobs in her area of Massachusetts. Whether she has done so does not rise and fall, as the College would have it, on the number of applications for work that she has submitted. Ultimately, it is for the trier of fact to decide whether Ms. Beebe conducted a reasonable search after all of the evidence is in.

In turn, the College seems to argue that, somehow, all of the evidence is in. This is not the case. During Ms. Beebe's deposition, the College pursued the job search issue to some extent. However, as is apparent from the excerpts of the deposition provided by the College with its motion, its focus was almost exclusively on the applications that Ms. Beebe made and on the jobs that she did take. The College failed to pursue questions regarding the extent of her efforts to look for work.

In addition, the College must concede that the record is deficient in this regard and that the parties must await the close of evidence at trial for it to be fully developed. On April 17, 2007, the College filed a motion to compel Ms. Beebe to submit to an interview by its employability expert "concerning the mitigation of damages sought by Plaintiff in this action." The Defendant's Motion to Compel, Document 27 in this case at 1. In its memorandum in support of the above motion, the College stated that the examination by its expert would concern the subjects of, inter alia, "the specific efforts [Ms. Beebe] has made, along with the results of those efforts, to find employment since her discharge. . . ." Memorandum in Support of Motion to Compel, Document 28 at 1. The College urged the Court that the interview was necessary "[i]n order to provide the jury with the best possible assessment of Plaintiff's damages. . ." Id. at 5.

At the time of the motion, the College already had taken Ms. Beebe's deposition. By filing the motion, the College contended and admitted, at least by unavoidable implication, that the record was not complete enough to permit their expert to properly evaluate Ms. Beebe's employability. The College explicitly sought <u>more information</u> regarding Ms. Beebe's specific efforts to find work. It did so because, in fact, the record is not fully developed in this area and more information is needed "in order to provide the jury with the best possible assessment of Plaintiff's damages." <u>Id.</u>

At the end of the day, the parties, and the Court, must wait until the end of trial, when all of the evidence is in, before the issue of the reasonableness of Ms. Beebe's job search efforts is ripe for decision.

For these reasons, the Plaintiff respectfully requests this Court to deny the Defendant's Motion in Limine No. 6.

                                              Respectfully submitted,
                                              THE PLAINTIFF, MICHELLE BEEBE,
                                              By her attorney,

Dated: July 12, 2007                          ____/s/ Thomas J. McCormick____
                                              Thomas J. McCormick, BBO# 561760
                                              Heisler, Feldman, McCormick
                                                  & Garrow, P.C.
                                              1145 Main Street, Suite 508
                                              Springfield, MA  01103
                                              Ph. (413) 788-7988
                                              Fax (413) 788-7996
                                              tmccormick01060@yahoo.com

CERTIFICATE OF SERVICE

    I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic File (NEF).

                                                             /s/ Thomas J. McCormick
                                                            Thomas J. McCormick