UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No. 05-30182-MAP

|  |  |
|---|---|
| MICHELLE BEEBE, | : |
| Plaintiff, | : |
| v. | : |
| WILLIAMS COLLEGE, | : |
| Defendant. | : |

**THE PLAINTIFF'S OPPOSITION TO THE DEFENDANT'S MOTION IN LIMINE NO. 7 (TO PRECLUDE ANY ARGUMENT OR EVIDENCE ON THE ISSUES OF THE HEALTH CONDITIONS OF PLAINTIFF'S CHILDREN)**

The Plaintiff respectfully opposes the Defendant's Motion in Limine (No. 7) to preclude argument or evidence on the issue of the health conditions of the Plaintiff's children. The Plaintiff opposes the motion for the following reasons:

1. The requested certification was directed to future, not past leave, so in inapplicable to the leave taken prior to July 1, 2003.

2. The request for certification was deficient in that it did not contain a required warming to the Ms. Beebe of the consequences for providing inadequate certification.

3. The request for certification was untimely for most of the leave that Ms. Beebe took prior to July 1, 2003.

4. This motion in limine effectively seeks a dismissal of a substantial part of the Plaintiff's claims and is tantamount to a motion for partial summary judgment. As

such, it should be denied because the facts underlying the motion very much are in dispute.

These reasons for denying the motion are addressed in more detail below.

1. The College misconstrues the part of the July 1, 2003 warning letter that references the FMLA as a request for medical certification for <u>prior</u> absences. The context of the letter, along with the concomitant and ensuing conversations, makes it clear that the request – if, indeed it was a proper request for medical certification, a point that the Plaintiff does not concede – was directed to prospective absences only.

First, the letter informs Ms. Beebe that if she needs time off "because of serious childcare issues you are entitled to apply for FMLA (Family Medical Leave Act) leave." The letter refers only Ms. Beebe's option to apply for FMLA leave and makes no reference to medical certification that ultimately might be needed. It is too long a stretch to construe the letter as a request certification, rather than just a suggestion that she could apply for leave.

Second, the July 1st refers to the FMLA as something that Ms. Beebe should consider for future, not past, leave. Ms. Miles writes that although she is sympathetic to the challenges associated with child care, "it is my expectation that you would make appropriate arrangements so that you can meet the requirements of your work schedule. . . . If you choose to apply for FMLA leave and it is granted, it is my expectation that <u>when you return to work</u>, you will be able to dramatically improve your attendance." (emphasis added). Ms. Beebe then spoke with Kris Maloney in the College's Benefits Office. During that conversation, Ms. Beebe learned that she could be granted twelve weeks of unpaid leave to care for her children if they had a serious health condition. After learning

2

this, Ms. Beebe pondered "how, first of all, would we manage twelve weeks off straight without pay." Plaintiff's Deposition at 118: 6 – 7.

The clear import of both the July letter and the ensuing conversations was that the leave for which Ms. Beebe might qualify was prospective only. In addition, there was no discussion that the leave for which she was being disciplined might qualify under the FMLA. No reference was made, for example, that if she applied for leave and it was granted, the disciplinary letter would be with drawn. Such a reference was not made because the College did not intend to apply a present request for leave retrospectively.

Therefore, to the extent that the July letter constituted a request from the College to Ms. Beebe to provide medical certification, the request clearly was directed only to future not past leave.

2.     If the warning letter and conversations are construed as a request for medical certification of the Plaintiff's past need for medical leave to care for her sick children, the request is deficient. The leave taken by the Plaintiff prior to July 1, 2003 was unforeseeable. When unforeseeable leave is involved and the employer requests certification, at the time of the request "the employer must also advise an employee of the anticipated consequences of an employee's failure to provide adequate certification." 29 C.F.R. § 825.305(d).

> The employer has the right under the FMLA to require that the employee support her request for leave with medical certification issued by the employee's health care provider. 29 U.S.C. § 2613(a)(2004); 29 C.F.R. 825.305(a). To exercise this right, the employer must give a written notice of a requirement for medical certification each time the employer requires it, 29 C.F.R. 825.305(a), and must advise the employee of anticipated consequences of the employee's failure to provide adequate certification, 29 C.F.R. 825.305(d). In general, the employer must request certification at the time the employee gives notice or, in cases of unforeseen leave, within two days after leave commences. 29 C.F.R. 825.305(c).

3

Wheeler v. Pioneer Developmental Services, Inc., 349 F.Supp.2d 158, 166 (D. Mass. 2004).

Here, the College failed to include any admonition regarding inadequate certification. Accordingly, the request was deficient and did not trigger any obligation on Ms. Beebe's part.

      3.      Finally, the request for certification, if that is what it was, was untimely. When unforeseeable leave is involved, as in this case, and the employer decides to request medical certification, it "must give notice of a requirement for medical certification <u>each time</u> a certification is required; such notice must be in writing." 29 C.F.R. § 825.305(a)(emphasis added). The request for certification should be made "at the time the employee gives notice of the need for leave or within two business days thereafter, or, in the case of unforeseen leave, within two business days after the leave commences." 29 C.F.R. § 825.305(c). Wheeler, 349 F.Supp.2d at 166

It is undisputed that the College did not request further medical certification at any time that Ms. Beebe took leave to care for her sick children prior to July, 2003, with the exception of the maternity leave that Ms. Beebe took in 1999 and 2000 for the birth of her youngest sons.

> Q.    . . . whenever you became aware of that note [the note from Dr. Landes] do you recall making either a request directly of Shelly or passing the request through Mr. Mason that Shelly provide further medical information in support of this note excusing her from work?
>
> A.    I'm sure that I did not do that. That is not something we require of our employees. We do not, unless instructed through the benefits office to get documentation from a doctor for leave policies, whatever they may be. It is not something I require or ask my employees to do.    . . .
>
> A.    Not from me, no. As I said, we don't request doctor's documentation.

4

       Q.       All right.  In the normal course of a request for sick leave or sick time.

       A.       Right.  Not when they call in, nor when they come back.

Beatrice Miles Deposition, at 58 – 60.

       The College cannot satisfy the regulatory requirement of requesting certification each time it is required by a "catch-all" request well after the fact of the leaves in question.  Accordingly, even if the College's July, 2003 letter is found to be a request for further medical certification in the face of an employee's request for FMLA leave, the request is deficient with regard to its content and timing and therefore cannot be the basis for required action by the employee.

       4.       This motion in limine is tantamount to one for partial summary judgment as to the Ms. Beebe's claims that the Defendant abridged the Plaintiff's FMLA rights when it came to medical leave that she took to care for her children.  The factual underpinnings, especially as to whether the request was even for certification and, if so, whether the request was directed to past or future leave, are very much in dispute.  Indeed, the Plaintiff contends that no reasonable person could conclude that the request was directed at past leave already taken.  For this reason, the factual issue must go to the trier of fact; the issue is not ripe to be decided as a matter of law.

For these reasons, the Plaintiff respectfully requests this Court to deny the Defendant's Motion in Limine No. 7.

Respectfully submitted,
THE PLAINTIFF, MICHELLE BEEBE,
By her attorney,

Dated: July 12, 2007

　　　/s/ Thomas J. McCormick　　　
Thomas J. McCormick, BBO# 561760
Heisler, Feldman, McCormick
　　& Garrow, P.C.
1145 Main Street, Suite 508
Springfield, MA  01103
Ph. (413) 788-7988
Fax (413) 788-7996
tmccormick01060@yahoo.com

## CERTIFICATE OF SERVICE

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic File (NEF).

　　/s/ Thomas J. McCormick　　　
　　　　Thomas J. McCormick