UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

MICHELLE BEEBE,

        Plaintiff,

  v.

WILLIAMS COLLEGE,

        Defendant.

Civil Action No. 05-30182

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE ANY TESTIMONY REGARDING ADVICE FROM COUNSEL AND SUPPORTING MEMORANDUM**

Defendant Williams College (the "College") files this Opposition to the Motion *In Limine* of Plaintiff Michelle Beebe ("Plaintiff"), who seeks to exclude evidence of advice from counsel concerning the Family and Medical Leave Act, 29 U.S.C. § 2601, *et seq*. ("FMLA"). In Plaintiff's Motion *In Limine*, she appears to claim that her attorney's thwarted attempt to inquire into the substance of communications between the College and its counsel, which took place at least several weeks *after* her termination, should also preclude the College from relying on attorney-client communications held even *before* her termination as part of its defense to a liquidated damages award under the FMLA.

Because the College never refused to reveal information concerning its communications with counsel with respect to its decisions to discipline and terminate Plaintiff, the College should not be precluded from producing evidence of those communications as a defense to a claim for liquidated damages. Alternatively, the College may still prove that it acted in good faith and upon reasonable grounds in connection with the employment decisions affecting Plaintiff irrespective of whether it produces evidence concerning the existence or substance of its

consultations with counsel.

**ARGUMENT**

An employer found liable of violating the FMLA may be required to pay an additional amount as liquidated damages. § 2617(a)(1)(A)(iii). A court, in its discretion, may deny an award of liquidated damages, however, if an employer proves "to the satisfaction of the court" that the act or omission which violated the Act was "in good faith and that the employer had reasonable grounds for believing that the act or omission was not a violation of [the Act]…" *Id.*; *see also Hall v. Meadwestvaco Corp.*, No. 03-30310, 2005 WL 1205554, at *2 (D.Mass. May 18, 2005). The FMLA grants courts the power to make the determinations of good faith and reasonableness and, if the employer carries its burden of proof on these obligations, the discretion to deny liquidated damages. *Hall*, 2005 WL 120554, at *3. The mere fact that an employer has been found liable of an FMLA violation does not prevent courts from exercising their statutory role with respect to liquidated damages and denying such damages. *Id.* (citing to cases where courts denied liquidated damages despite finding the employer liable for FMLA violations).

An employer may demonstrate good faith by proving that it had an honest intention to ascertain and follow the dictates of the Act. *Martin v. David T. Saunders Const. Co., Inc.*, 813 F. Supp. 893, 902-903 (D. Mass. 1992)(interpreting similar provision contained in Fair Labor Standards Act).

I.  **THE COLLEGE MAY RELY ON COMMUNICATIONS IT HAD WITH COUNSEL RELATING TO PLAINTIFF'S DISCIPLINE AND TERMINATION BECAUSE PLAINTIFF'S COUNSEL DID NOT INQUIRE INTO THE SUBSTANCE OF THOSE ATTORNEY-CLIENT COMMUNICATIONS.**

During discovery in this case, Plaintiff's counsel never inquired into the existence or substance of attorney-client communications taking place on or before Plaintiff's termination on

August 4, 2003. As part of its defense to a claim for liquidated damages under the FMLA, only communications during that pre-termination period would be relevant. Any communications taking place *after* Plaintiff's termination would be irrelevant as they would not demonstrate good faith and reasonableness on the part of the College with respect to the actions that the Plaintiff claims violated the FMLA.

At the deposition of Martha Tetrault, Human Resources Director for the College, Plaintiff's counsel inquired into the substance of attorney-client communications relating to "what [Ms. Tetrault] did to prepare for the grievance." Plaintiff's Motion *In Limine*, at 2. He specifically asked about communications with counsel concerning Ms. Tetrault's written response on September 18, 2003 to the grievance filed by Plaintiff on August 26, 2003. *Id*. The College's counsel did indeed instruct Ms. Tetrault not to reveal the substance of those communications concerning the administration of the grievance process. *Id*. Such communications, however, would be irrelevant anyway to the College's defense to the question of liquidated damages for alleged FMLA violations.

Liquidated damages may be awarded for acts or omissions that constitute violations of Section 2615 of the FMLA. § 2617(a)(1)(A)(iii). Plaintiff claims in her Complaint that the College violated the Act "by failing and refusing to grant Ms. Beebe leave" for her "serious medical condition" and those conditions of her minor children, and for disciplining and terminating her for taking such leaves. Complaint, at ¶¶ 46, 47, 48, 49. The College consulted with its attorney with respect to its decisions to discipline and terminate Plaintiff for excessive absenteeism. These communications would serve as some evidence that the College acted in good faith and upon reasonable grounds for believing that its actions did not violate the FMLA.

The fact that the College also consulted with counsel during the Plaintiff's subsequent

grievance process is immaterial.  An employer may not be held liable under the FMLA for its alleged actions or omissions after the employment relationship has already ended.  In order to establish good faith and reasonableness, an employer's evidence must coincide with the relevant decision-making period.  An employer's consultation with counsel about the FMLA several weeks after its decision to discipline an employee and in preparation for the employee-initiated grievance process would not insulate the employer from a claim that it failed to act in good faith and reasonably with respect to the adverse employment actions that prompted the grievance in the first place.

II. **ALTERNATIVELY, THE COLLEGE NEED NOT RELY ON THE ADVICE PROVIDED BY COUNSEL IN ORDER TO DEMONSTRATE THAT IT ACTED IN GOOD FAITH AND UPON REASONABLE GROUNDS.**

    A. **An employer need not waive the attorney-client privilege in order to establish good faith and reasonableness.**

The attorney-client privilege remains intact even where the client divulges that it consulted with an attorney on a particular matter and provides details concerning the circumstances surrounding that consultation.  *Refuse & Environmental Systems, Inc. v. Industrial Services of America*, 120 F.R.D. 8, 10-11 (D.Mass. 1988).  For example, the client may safely reveal the date, length of time and place of the consultation as well as the identity of individuals present at the meeting.  *Id*. at 10.

In the case of an employer found liable for violating a provision of the FMLA, the employer may offer evidence of the circumstances surrounding its consultation with counsel in order to support the reasonableness prong of its defense to a claim for liquidated damages.  For example, in *Cooper v. Fulton County, Georgia*, 458 F. 3d 1282, 1287 (11th Cir. 2006) the court listed indicia of what constitutes "reasonable basis for believing that its conduct was lawful." These indicia included: (1) consulting the FMLA or its implementing regulations; (2) consulting

with an attorney; (3) contacting the Department of Labor; or (4) reviewing any of the DOL's advisory opinions. *Id*.

Here, as part of its defense, the College intends to introduce evidence of the circumstances of the attorney-client consultations, and not necessarily the substance of those communications. Such evidence supports a finding of good faith on the part of the College in that it demonstrates the College's honest intention to ascertain and follow the dictates of the FMLA. Plaintiff's counsel was able to inquire into the circumstances of such consultations taking place prior to Plaintiff's termination, but failed to do so.

**B.      An employer may establish good faith and reasonableness irrespective of whether it consulted with an attorney.**

A court in its discretion may decline to award liquidated damages in cases in which the employer has been found liable for violations of the FMLA. Courts have exercised this discretion in cases where an employer has established good faith and reasonableness, even in the absence of consultations with an attorney. For example, the employer in *Miller v. AT&T*, 83 F. Supp. 2d 700, 709 (S.D. W.Va. 2000) concluded that the flu was not a "serious health condition" upon reading the Act's regulations. While the court disagreed with that conclusion, it held that the employer still acted in good faith and upon reasonable grounds given the language of the Act's implementing regulations. *Id*. There was no indication that the employer there consulted an attorney in making its decision. Other courts have reached similar conclusions about good faith and reasonableness irrespective of whether an employer has sought the advice of counsel. *Thorson v. Gemini, Inc.*, 205 F.3d 370, 383-84 (8th Cir. 2000) (citing to newness of FMLA, efforts by employer to obtain a copy of interim regulations and initial summary judgment decision of district court in affirming decision denying liquidated damages); *Dillon v. Maryland-National Capital Park and Planning Comm'n*, 382 F. Supp. 2d 777, 792 -793 (D.Md. 2005)

(denying liquidated damages where employer gave employee repeated opportunities to provide necessary information, and indicated that if such information was provided the absence may be covered by the FMLA).

Here, the College intends to introduce evidence demonstrating that it acted in good faith and upon objectively reasonable grounds when it disciplined and terminated Plaintiff for excessive absenteeism. This evidence will include, but not be limited to, the College's consultation with counsel. The College's evidence also will show that it made a considerable, good-faith effort to communicate information about the availability of FMLA leave to its employees generally, and to Plaintiff specifically, through (1) holding annual, mandatory benefits trainings which covered FMLA; (2) distributing employee handbooks containing the FMLA policy to every employee and supplementing those handbooks as policies changed; (3) complying with the Act's requirements for posting notices about the FMLA in conspicuous places on the campus; (4) counseling Plaintiff individually, both verbally and in writing, about the availability of FMLA if her children had serious illnesses; and (5) arranging for Plaintiff's husband to obtain the necessary forms to apply for FMLA leave. The College expects the evidence to show that despite repeated attempts to learn the reasons for Plaintiff's attendance problem, Plaintiff failed to supply any information that would cause the College to reasonably believe that she might qualify for FMLA. The College also will demonstrate that in the 2002 and 2003 period it had granted FMLA leave to numerous employees, on both a continued and intermittent basis.

## Conclusion

For the foregoing reasons, the College requests that this Court deny Plaintiff's Motion *In Limine* seeking to exclude evidence of advice of counsel.

                                              Respectfully submitted,
                                              Williams College
                                              By its attorneys,

*/s/ Patricia M. Mullen*
Judith A. Malone (BBO #316260)
Patricia M. Mullen (BBO # 663318)
EDWARDS ANGELL PALMER & DODGE LLP
111 Huntington Avenue
Boston, MA 02199-7613
617.239.0100
jmalone@eapdlaw.com
pmullen@eapdlaw.com

Dated: July 16, 2007

CERTIFICATE OF SERVICE

I hereby certify that this document has been filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

/s/ Patricia M. Mullen